### MRS. MATTIE ARD V. THE STATE.

No. 9249.    Delivered May 17, 1925.

Rehearing Denied October 21, 1925.

**1.—Possessing Equipment for Manufacturing Intoxicating Liquor.**

Where on a trial for possessing equipment and material for the manufacture of intoxicating liquor, the evidence disclosing that three and one-half barrels of mash in a state of fermentation, and a still were found in appellant's home, and immediately upon her arrest she stated to the officers, that the mash and still belonged to her, such statement was *res gestae*, and properly admitted. Following Bell v. State, 243 S. W. 1095 and other cases cited.

101 T. C.—35.

2.—Same—Statement of Accused—Held Admissible.

Where upon the trial a witness was permitted to testify that when the still was brought into court, appellant, remarked "that sure looks familiar," such testimony was properly admitted, the appellant at the time not being in custody of the sheriff, but enlarged on bail, it was not objectionable on the ground that she was under arrest.

3.—Same—Bill of Exception—Incomplete—Presents no Error.

Where appellant was asked on cross-examination by the state "How long have you been living with this Singleton boy," and the bill of exception presenting the matter, does not disclose the answer of appellant, no error can be discovered. Incomplete bills of exception present nothing that can be considered by·us.

4.—Same—Evidence—Cross Examination—No Error Shown.

Where on cross-examination of appellant, she was asked, if she did not in 1923, when charged with having a still at that time, try to make Atkinson take the blame, and let her out, because he was under the age of 25 years and might get off with a suspended sentence, she having answered said question in the negative, no injury nor error is presented.

5.—Same—Bill of Exception—Insufficient—Discloses No Error.

Where a bill of exception complains of a question asked appellant on cross-examination, that is not shown to have been answered, and such bill sets out a colloquy between counsel and the court, same is insufficient, and discloses no error. Following Alley v. State, 92 Tex. Crim. Rep. 194.

6.—Same—Charge of Court—Circumstantial Evidence—Properly Refused.

Where there is direct affirmative proof of guilt, not depending upon a deduction from other facts proven, the case is not one calling for a charge on circumstantial evidence, and the court in the instant case did not err in failing to charge the law of circumstantial evidence.

ON REHEARING.

7.—Same—Evidence—Res Gestae—Cases Distinguished.

On motion for rehearing appellant cites numerous cases to sustain his contention that admission of statements of appellant when arrested were erroneously admitted. None of the cases cited are in point. Under the rule of res gestae declarations, their admissibility depends intirely upon the surrounding facts of each case, and the particular surroundings of one case will not control the admission of res gestae statements in another case. Distinguishing Bradberry v. State, 22 Tex. Crim. App. 273, Copeland v. State, 249 S. W. 495.

Appeal from the Criminal District Court of Tarrant county. Tried below before the Hon. Geo. Hosey, Judge.

Appeal from a conviction· for possessing equipment and devices for manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Baskin & Beene, Parker & Moore,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was charged in the Criminal District Court of Tarrant County with unlawfully possessing equipment and devices for the manufacturing of intoxicating liquors, and convicted and her punishment assessed at one year's confinement in the penitentiary.

Briefly stated, the record discloses the facts to be that the officers searched the house and premises of the appellant and found shut up in a small room three and one-half barrels of mash in a fermenting condition and a still at the time she was away from home but she returned within an hour thereafter in a car with one J. D. Atkinson; that when she returned, the officers arrested her and at the time of the arrest or immediately thereafter, while the officer was preparing to arrest Atkinson, the appellant stated to the officers that the mash and still in question belonged to her and that Atkinson didn't have anything to do with it. This was the testimony of the State, while the appellant denied making the statements to the officers as above set out but admitted that she told the officers that Atkinson didn't have anything to do with it and it was her contention and evidence upon the trial that one Edna May Chambers had placed the still and ingredients in her house while she was absent that day and that she knew nothing about it until she returned. The above statement of the facts is sufficient for the purposes of this opinion.

The appellant contends that the court was in error in permitting the officer Rhodes to testify to the statements above made to him by said appellant, as shown by her bill of exception because said appellant was under arrest and because, "It was not a confession, not a written contract and not admissible for any purpose." The court in allowing said bill stated that it was offered at a part of the *res gestae.* The bill within itself is insufficient as urged by the appellant to show that it was not a *res gestae* statement and this court has repeatedly held that it will not search the record for errors and that the bill must be sufficiently full to show the error complained of to entitle it to consideration by this court. Cavanar v. State, 269 S. W., 1063; Branch Ann. P. C. Sec. 209. Furthermore, we think that there is no error in the action of the court in permitting this testimony because this court has repeatedly held under similar circumstances that such statements were a part of the *res gestae* and admissible, Bell v. State, 243 S. W., 1095; Copeland v. State, 249 S. W., 495; Coburn v. State, 255 S. W., 613; Rayburn v. State, 255 S. W., 436; Odneal v. State, No. 8813, rendered by this court June 10, 1925, yet unreported.

In bill of exception No. 2, complaint is urged to the action of the court in permitting the witness, Joe Trickey, to testify that when the still was being brought in court, that the appellant remarked "that sure looks familiar" because said defendant was under arrest and was not binding upon her. The court in qualifying said bill states that the defendant was not under arrest but was under bond at said time. The appellant having accepted the bill with the qualification thereon becomes bound thereby and said bill in our opinion shows no error of the court in permitting the testimony. The State's theory, of course, was that the still in question belonged to the appellant and any statement made by her that would tend to show that she owned it or was familiar with it would be made admissible against her unless she was under arrest at the time same was made. We think the objection goes more to the weight of the testimony than to the admissibility of same.

Bill of exception No. 3 complains of the district attorney asking the appellant while she was upon the witness stand:

"Now how long have you been living with this Singleton boy?"

This bill does not give any answer of said witness to said question and is wholly insufficient to show any error complained of, or how the defendant was prejudiced thereby. What has been said heretofore in this opinion relative to bills being insufficient applies to this bill.

Complaint is urged in bill of exception No. 4 to the State through her attorneys asking the defendant while on the stand in substance to the effect if she didn't in October, 1923, when confronted with being charged with having a still at that time, if the said Atkinson didn't take the blame for that still and let her, appellant, out because he was under the age of 25 and probably could get a suspended sentence. This bill does not show the answer of the appellant except through the qualification of the court thereto which states, that the witness answered same in the negative. We fail to see any error in this particular and overrule the contention of the appellant therein.

In bill of exception No. 5 complaint is made to the action of the attorney for the State in asking the defendant while upon the stand if she didn't persuade the said Atkinson to take the blame for that still, referring to another still, and the whiskey out there, consisting of six or eight gallons. This bill shows no answer to said question, and is a recitation of a colloquy between counsel and the court and objections to statements made therein. This bill fails to disclose any error, and is insufficient. Alley v. State, 92 Tex. Crim. Rep. 194, 241 S. W., 1024.

Bill of exception No. 6 complains of the court's charge, but same is insufficient to show any error therein and what has been said about insufficiency of bills herein applies to this bill.

Bill of exception No. 7 complains at the court's failing to instruct the verdict in the case in behalf of the appellant. We think that the court committed no error in refusing this special charge.

Bill of exception No. 8, complains of the action of the court in refusing to charge on circumstantial evidence. We are of the opinion that this case as disclosed by the record raises no issue authorizing the court to submit a charge on circumstantial evidence.

After a careful examination of the record, we are of the opinion that there was no error committed by the trial court and that this case should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant contends that in determining the admissibility of her statement made to the officer to the effect that the mash, etc., was hers and not Atkinson's, we overlooked the rule in Bradberry's case, 22 Tex. Crim. App. 273. We have again examined that authority. Its facts show that a party who got to the scene of the difficulty after it was over asked the accused about it, and was told to catch the horse of accused and he would tell him. The catching of the horse occupied some moments. What was afterward said by the accused was held to be *res gestae*. This rule is in nowise in conflict with the one here announced. The officers found a still operating or mash fermenting, and the appellant came up. A man was accompanying her and driving the car. Apparently without any questioning and voluntarily she says, "This mash, etc., is mine. This man has nothing to do with it." We have here the present and immediate fact of possession of a still and mash presented, and the thing itself speaking through the accused in that she at once announces that the possession and ownership are hers. Her statement appears to us to be instinctive. Copeland v. State, 249 S. W., Rep. 495, Jim Copeland was found in possession of a still in operation. Drew Copeland came up and said, "This is mine", or words to that effect. On Jim's trial he offered proof of Drew's said statement. It was rejected. We reversed the case and said it was admissible as *res gestae*. If a statement made at the time the possession came in question by a third party was admissible on behalf of the accused in that case, we are wholly unable to see why a statement made by the accused herself, when the issue of posession of the still which is present and operating or the mash is present first present itself, would not be properly admissible.

Referring to ap pellant's remark about the familar appearance of the still, as testified to by the witness Trickey, we observe that any statement made by a party to a law suit which sheds light on the issues involved, may ordinarily be offered by the opposite party, it being in the nature of a declaration against interest. This rule is in nowise in conflict with the other well founded rule which holds that if such remark be offered by the party making it, same might be rejected as self-serving.

The asking of a question whose affirmative answer might be hurtful to the accused, would ordinarily present no error when complained of in a bill of exceptions unless the answer is given, and if given and answered in the negative, as in the case in appellant's bill of exceptions No. 5, no error be made to appear.

The evidence amply supported the verdict hence no error was committed by the learned trial judge in refusing appellant's motion for an instructed verdict.

The motion for rehearing will be overruled.

*Overruled.*