### A. R. (SHORTY) BLOXOM v. THE STATE.

No. 12443. Delivered April 3, 1929.
Rehearing denied May 8, 1929.

The opinion states the case.

*A. S. Maizey,* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for one year.

Officers followed a truck driven by appellant. Appellant traveled from a point in a public road to his father's barn. The officers followed him into the barn. Upon seeing the officers appellant broke about eight fruit jars of whisky in the back of the truck. Appellant admitted in his testimony that he transported the whisky, but declared that having found it on his father's farm he was carrying it home in order that his father might deliver it to the officers. He stated that the arrival of the officers frightened him, causing him in his excitement to break the containers. The defensive theory was affirmatively submitted to the jury. They found against appellant, and the evidence is sufficient to support the verdict.

The court properly refused to charge on circumstantial evidence. The main fact—the transportation by appellant of the whisky—was proven by direct evidence. Appellant himself testified that he transported the whisky.

The officers had no search warrant. Appellant interposed an objection to their testimony touching the results of the search on the ground that probable cause for making the search had not been shown. Appellant testified to every criminative fact detailed by the officers. Hence, in the event the search had been unauthorized, appellant would be in no position to assert that the reception of the testimony of the officers should call for a reversal. Loftis v. State, 13 S. W. (2d) 853.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—It is claimed that juror Darrell, during the deliberation of the jury, said:

"I don't believe in so much of this suspended sentence business. I think the suspended sentence has been abused."

We regard this statement as in the nature of an argument and not any declaration of facts the proof of which would be available to the accused on the hearing of the motion for new trial or which constituted misconduct of the jury. See Jack v. State, 20 Tex. Crim. App. 660; Todd v. State, 93 Tex. Crim. Rep. 554. Neither is the statement deemed such as characterized Darrell as a prejudiced juror. See Willis v. State, 239 S. W. Rep. 212.

The other questions presented upon the appeal were fully considered and properly disposed of upon the original hearing.

The motion is overruled.

*Overruled.*