## EMIT GRAHAM v. THE STATE.

No. 15379. Delivered December 7, 1932.
Rehearing Denied January 11, 1933.
Reported in 55 S. W. (2d) 826.

The opinion states the case.

*L. G. Matthews,* of Floydada, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of intoxicating liquor for the purpose of sale; the punishment, confinement in the penitentiary for one year.

G. D. Lewis had been renting a house from E. C. King. On December 16, 1931, Mr. Lewis and his family moved to Johnson County. They asked and received permission to leave some of their furniture in the house until they had the opportunity to move it to Johnson County. Some of the household goods had been moved by appellant in a truck to Mr. Lewis' new home. The furniture remaining in the house was to be moved by appellant at a later date. On December 24th Mr. King found five gallons of whisky in ten half-gallon fruit jars in a carton in a side room leading off from the porch. According to his testimony, there were no household goods in this room, and the car-

ton containing the whisky was the only box in it. The household goods Mr. Lewis had left were in the two front rooms. The walls between these rooms were solid. The doors were fastened and nailed. The room in which the whisky was found was not closed. In some of the other rooms were boxes containing household effects which had been packed for the purpose of moving. The day after Mr. Lewis had left, the owner, Mr. King, went to his house but did not see any liquor there. He again visited the place two or three times before December 24th, but saw no whisky. On December 24th—the date he discovered the whisky—Mr. King notified the officers. The sheriff and one of his deputies went to the house before dark, and waited. After dark, appellant, C. B. Jones, and some other men came toward the house in a truck. The lights on the truck were not on. They drove within fifteen feet of the house, and appellant got out. The truck was owned by appellant's brother. Although it was dark, appellant walked into the shed room and went directly to the carton containing the whisky. Picking it up, he took about three steps to leave the room when he was arrested by the officers. C. B. Jones, who had also gotten out of the truck, started toward the hen house, which was near the house, but was stopped by one of the officers. On the following day the officers found in the hen house five kegs with "Cleburne, Texas" written on them. These kegs had had whisky in them. Some of the kegs showed that they had been buried in the ground. After arresting appellant and his companions, the officers placed the whisky in the back end of the truck, and started to town. The lights on the truck were in good condition and were switched on and used in returning to town.

Testifying for appellant, Mr. Lewis stated that he had hired appellant to move his furniture to Johnson county. He said that appellant had lived in Cleburne, Texas, before coming to Floydada. He testified, on cross-examination, that he had left no whisky in the place, and declared that neither the whisky nor kegs found by the officers belonged to him. Mr. Lewis' son gave substantially the same testimony. He denied that the liquor belonged to him, saying that no whisky or kegs were left at the place when they moved. He said he helped catch the chickens in the hen house and that there were no kegs there on that occasion. Mrs. Lewis testified that appellant was to bring the balance of their furniture to Johnson county before January 1st. She said that appellant wired them on December 24th that he would load the balance of the furniture. She further testified that no member of her family left any liquor at

the place. Appellant's companions testified that they had gone with appellant to get a load of furniture to move to Johnson county. They said that they did not know that there was any whisky in the place and did not go there to get whisky. Appellant's wife testified that she was at Mrs. Lewis' house when the first load of furniture was carried away on the 16th and that she helped Mrs. Lewis pack some of the household effects. She said that on December 24th she sent a telegram to Mrs. Lewis advising her that appellant was moving the balance of her furniture.

Testifying in his own behalf, appellant denied that the whisky belonged to him, and stated that he had gone to the place for the purpose of getting a load of furniture. He said he did not know when he went into the shed room that the whisky was there. At this point we quote from appellant's testimony, on cross-examination, as follows: "No, sir, it isn't a fact that we went down there after liquor. I knew what we were going after. It was liquor. He (his brother) hadn't turned the light off when we turned in at the gate. I know because I showed him where to turn in. I got right out of the car as soon as I got there. Yes, I went right in the house. I did not have any matches to strike. I don't know as to whether I just accidentally got hold of the liquor first. I didn't even feel to see what it was. I didn't know what it was. No, sir, it isn't a fact that I knew it was liquor. I never did have any liquor around me."

The party in charge of the Western Union telegraph office at Floydada testified that the files of the office disclosed no telegram from either appellant or his wife to Mrs. Lewis, on the 24th of December, 1931. This witness said she found a telegram had been sent to Mrs. Lewis on December 25th, 1931. As to the name of the party sending this telegram, the record is silent.

Bill of exception No. 1 shows that the district attorney, on cross-examination, propounded to appellant the following question: "Isn't it a further fact that you have been bragging the officers could not catch you?" The bill recites that appellant objected on the ground that a predicate had not been laid for the question, and, further that it was irrelevant and immaterial. The objection being overruled, appellant answered in the negative. Bill of exception No. 2 recites that the district attorney asked appellant the following question: "Mr. Graham, isn't it a fact you have been bootlegging ever since you have been in Floydada?" Appellant objected on the ground that no predicate

had been laid, and, further, that the question was irrelevant, immaterial and prejudicial. The objection being overruled, appellant answered, "No, it isn't a fact." If the question constituted an inquiry by the district attorney as to whether appellant had been selling whisky in Floydada, it would not have been improper. Appellant being charged with possession of intoxicating liquor for the purpose of sale, the state could properly have shown that he had made sales of liquor at a time not too remote, as throwing light upon the purpose for which the liquor was possessed. Hood v. State, 111 Texas Crim. Rep., 95, 10 S. W. (2d) 94. Again, if appellant had made declarations to the effect that he was selling intoxicating liquor, or possessing it for the purpose of sale, and at the same time had stated that the officers could not catch him, proof of such fact would have been admissible. In any event, if the questions were improper—and this is not conceded—a reversal would not necessarily follow. In Booth v. State, 90 Texas Crim. Rep., 240, 234 S. W., 888, 889, this court, speaking through Judge Hawkins, said: "It is in exceedingly rare instances where this court would feel called upon to reverse a case solely because counsel may have propounded an improper question." We quote from Ard v. State, 101 Texas Crim. Rep., 545, 276 S. W., 263, 265, as follows: "The asking of a question whose affirmative answer might be hurtful to the accused would ordinarily present no error when complained of in a bill of exception unless the answer is given, and, if given, and answered in the negative, as is the case in appellant's bill of exceptions No. 5, no error would be made to appear."

Bill of exception No. 3 presents the following occurrence: The sheriff testified that, after arresting appellant, he went back the following day and found in a hen house several kegs that had whisky in them. He said these kegs had the name of a hardware store in Cleburne stamped on them. Appellant objected to this testimony on the ground that he had never been in the hen house where the kegs were found, that there was no testimony that he had been there, and that said testimony was irrelevant, immaterial, and prejudicial. It is observed that the bill of exception contains no recitals supporting the grounds of objection. It has been frequently held by this court that a mere statement of a ground of objection in a bill of exception is not a certificate on the part of the trial judge that the facts which form the basis of the objection are true; it merely shows that such an objection was made. Branch's Annotated Penal Code, sec. 209; Edelen v. State, 103 Texas

Crim. Rep., 562, 281 S. W., 1078. If the statement of facts should be consulted, it is observed that the officers testified that, at the time they arrested appellant, one of appellant's companions started toward the hen house, which appears to have been not far removed from the place where appellant was arrested with whisky in his possession. Under the circumstances, the opinion is expressed that appellant's objection was not well taken. See Hildebrand v. State, 115 Texas Crim. Rep., 245, 29 S. W. (2d) 774.

Bill of exception No. 4 recites that the sheriff testified that Mr. King, the owner of the house, told him that there was whisky in the shed room. Appellant objected on the ground that the testimony was hearsay. The objection was well taken. However, there was no controversy about there being whisky in the shed room. Appellant, as well as the sheriff and other witnesses, testified that the whisky in question was in the shed room. Hence the admission of the hearsay declaration would not constitute reversible error.

Bill of exception No. 5 presents substantially the same matter as mentioned in bill of exception No. 4.

Appellant objected to the charge of the court because of its failure to submit an instruction covering the law of circumstantial evidence. In his charge, the court defined "possession." Further, the jury were instructed as follows: "You are instructed that if you find and believe from the evidence that defendant Emit Graham at the time he was arrested thought that the box introduced in evidence was a part of the household goods belonging to the Lewis family or if you have a reasonable doubt as to whether or not such were the facts then you will find the defendant not guilty."

Further, the court instructed the jury to acquit if they believed that the liquor in question was the property of some person other than appellant, and was not possessed by appellant as the term "possession" had been defined, or if they had a reasonable doubt of such fact. The proof on the part of the State was direct to the effect that appellant had five gallons of whisky in his hand and was leaving the room at the time the officers arrested him. This was prima facie evidence that he possessed it for the purpose of sale. Buchanan v. State, 107 Texas Crim. Rep., 559, 298 S. W., 569; Carrell v. State, 109 Texas Crim. Rep., 177, 3 S. W. (2d) 435; Davis v. State, 107 Texas Crim. Rep., 134, 295 S. W., 608; Bloxom v. State, 112 Texas Crim. Rep., 341, 16 S. W. (2d) 1098; Terry v. State, 101 Texas Crim. Rep., 267, 235 S. W., 837. A charge on circum-

stantial evidence is not required where the testimony is not wholly circumstantial. Branch's Annotated Penal Code, section 1874; Lawler v. State, 110 Texas Crim. Rep., 460, 9 S. W. (2d) 259.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing, appellant reiterates in substance his contention upon the original hearing. After a careful re-examination of the record in the light of the motion, and the opinion upon the original hearing, we are constrained to conclude that the judgment heretofore rendered reflects the proper disposition of the appeal.

The motion for rehearing is overruled.

*Overruled.*