In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00200-CR
______________________________


SHERMAN LYNN DIXON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30553-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Sherman Lynn Dixon pled guilty to burglary of a building—the Metropolitan Community
Church in Longview, Texas—and true to felony enhancements, making the range of his possible
sentence two to twenty years. The jury assessed Dixon's sentence at the maximum of twenty years
and a fine of $5,000.00. On appeal, Dixon argues (1) his twenty-year sentence, when cumulated with
a prior sentence, was disproportionate, and (2) the trial court erred in overruling an objection to the
introduction of evidence of previous uncharged burglaries. We affirm.
Stacked Sentence Not Preserved and Not Disproportionate
            Dixon asserts that his maximum twenty-year sentence, when cumulated, or stacked, with an
existing sentence for a prior burglary conviction—which also served as one of the prior convictions
used for enhancement purposes—made his sentence disproportionate to the crime. We disagree.
            Dixon made no objection, request, or motion to the trial court regarding his sentence or the
cumulation of sentences. Therefore, he preserved no issue for our review. To preserve his complaint
for appellate review, Dixon must have presented to the trial court a timely request, objection, or
motion that stated the specific grounds for the desired ruling, if not apparent from the context. Tex.
R. App. P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh'g). 
Even an objection, if it is nonspecific or fails to comport with the ground of error on appeal, raises
nothing to review on appeal. Stevens v. State, 667 S.W.2d 534, 538 (Tex. Crim. App. 1984).
            Even had the issue been preserved for our review, it would fail. The cumulation of sentences
does not constitute cruel and unusual punishment. Baird v. State, 455 S.W.2d 259 (Tex. Crim. App.
1970). No evidence in the record compares Dixon's sentence with the sentences imposed on
defendants in Texas or other jurisdictions who committed similar offenses. See Fluellen v. State,
71 S.W.3d 870, 873 (Tex. App.—Texarkana 2002, pet. ref'd).
            We overrule Dixon's first point of error.
No Reversible Error in Questioning About Prior Uncharged Offenses
            In his other point of error, Dixon asserts the trial court erred in allowing the State to ask
Dixon whether he had been involved in a few other specific burglaries with which he had not been
charged. Although some of the testimony is less than clear, we find no admission by Dixon to, and
thus no evidence of, any such uncharged burglaries. We find only one objection of Dixon's counsel,
relevant to this point of error. During the punishment phase of trial, the State posed questions to
Dixon regarding various prior burglaries and asked whether he had any involvement in them. During
that questioning, this exchange occurred:
            [State]: Okay. How about, how about an antique house located on Sixth
Street here in Longview, you know, lamps, chairs, dishes; have anything to do with
that one?
            [Dixon]: No, ma'am.
            [State]: No? Okay. How about Square Deal Transmission located on Tyler
Street in Longview?
 
            [Defense counsel]: I'm going to object to this line of questioning.
            [State]: Your Honor, he indicated that he wanted to cooperate. I'm just --
            [Court]: I'm going to allow you to question him.
Ultimately, Dixon denied having anything to do with any wrongdoing at Square Deal Transmission
or with any other wrongdoing posed by the State.
            Prior bad acts or uncharged offenses can be admissible during the punishment phase of a trial. 
After a finding of guilt, or as in this case, a plea of guilty,
evidence may be offered by the state and the defendant as to any matter the court
deems relevant to sentencing, including . . . any other evidence of an extraneous
crime or bad act that is shown beyond a reasonable doubt by evidence to have been
committed by the defendant or for which he could be held criminally responsible,
regardless of whether he has previously been charged with or finally convicted of the
crime or act.

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2004). Therefore, if any prior bad
acts or uncharged offenses by Dixon had been proven beyond a reasonable doubt by the State, the
jury could have properly considered them in assessing punishment. When such evidence is tendered
during the punishment phase, (1) the trial court is to act as gatekeeper to determine whether the
evidence may be submitted to the jury for consideration,


 (2) the jury "is to determine whether or not
the State has proved the extraneous offenses beyond a reasonable doubt," and (3) a request that the
jury be so instructed should be honored. Mitchell v. State, 931 S.W.2d 950, 953–54 (Tex. Crim.
App. 1996). No such instruction was requested, so none was required.



            To be sure, no actual evidence harmful to Dixon came from this question or from the line of
questioning. Dixon denied involvement in any of the added offenses posed by the State during the
punishment phase. But, of course, an impression must have been made in the minds of the jurors
due to the time and energy spent by the State asking Dixon whether he committed or knew about
various offenses. The clear import of the State's line of questioning and comments made in the jury's
presence was that Dixon would be considered cooperative only if he admitted committing at least
some of the offenses posed by the State's questions and that his repeated denials constituted a failure
to cooperate, time after time, in the presence of the jury.
In Booth v. State, 90 Tex. Crim. 240, 234 S.W. 888, this court . . . said: "It is in
exceedingly rare instances where this court would feel called upon to reverse a case
solely because counsel may have propounded an improper question." We quote from
Ard v. State, 101 Tex. Crim. 545, 276 S.W. 263, as follows: "The asking of a
question whose affirmative answer might be hurtful to the accused would ordinarily
present no error . . . unless the answer is given, and, if given and answered in the
negative, . . . no error would be made to appear."

Fritts v. State, 119 Tex. Crim. 412, 42 S.W.2d 609, 612 (1931).
Finally, appellant urges us to reverse because the state's attorney asked appellant two
questions: one, if he had asked the officers on the way to the jail to get him a
hamburger; the other, if he had shown any remorse for having blasted Frank Olsson
six times.
 
The court sustained general objections to these questions and the witness gave no
answer to either of them. Appellant's counsel did not ask the court for instructions
to disregard. He obtained all the relief he sought, and cannot now complain. 
Washington v. State, Tex.Crim.App., 484 S.W.2d 721; Burks v. State,
Tex.Crim.App., 432 S.W.2d 925.

Foster v. State, 493 S.W.2d 812, 814 (Tex. Crim. App. 1973); see also Burks v. State, 876 S.W.2d
877, 902 (Tex. Crim. App. 1994). Here, Dixon made one general objection, only to the line of
questioning, without specifying any basis, and made no request for an instruction or for a mistrial.


 
Error was not preserved.
            In addition, sua sponte, the trial court orally gave a limiting instruction, and included it in the
jury charge, directing the jury to consider testimony about extraneous offenses only if it found from
the evidence beyond a reasonable doubt that extraneous offenses had been proven. Such an
instruction is consistent with Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1). A limiting
instruction cures an error unless the error is such that it suggests the impossibility of withdrawing
the erroneous impression from the minds of the jurors. Dowthitt v. State, 931 S.W.2d 244 (Tex.
Crim. App. 1996); Moore v. State, 882 S.W.2d 844 (Tex. Crim. App. 1994). We presume a jury
follows the instructions given by the trial court. Ross v. State, No. 09-01-517-CR, 2002 Tex. App.
LEXIS 8974 (Tex. App.—Beaumont Dec. 19, 2002) (per curiam) (not designated for publication),
cert. denied, No. 03-49, 2003 U.S. LEXIS 7003 (Oct. 6, 2003).
            Because no reversible error has been shown, we overrule Dixon's second point of error.
            We affirm the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          May 11, 2004
Date Decided:             June 14, 2004

Do Not Publish