In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00078-CR
______________________________


MATTHEW SCOTT BROWN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 04-0008X


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Matthew Scott Brown pled guilty to possessing more than 400 grams of
methamphetamine, as charged in the indictment,


 and submitted the case to a jury for
assessment of punishment. See Tex. Health & Safety Code Ann. § 481.115(a), (f)
(Vernon 2003). After hearing the evidence and the arguments of counsel, the jury
assessed Brown's punishment at twenty-five years' imprisonment. The jury denied Brown's
request for community supervision. In a single point of error, Brown contends on appeal
that his twenty-five-year sentence is disproportionate to his crime under the Eighth
Amendment to the United States Constitution and under Article I, Section 13 of the Texas
Constitution.


 We overrule Brown's point of error and affirm the trial court's judgment.
          The State contends Brown did not present this issue to the trial court and thereby
failed to preserve this issue for review by this Court. To preserve the issue of whether a
defendant's sentence is disproportionate under the Eighth Amendment or under Article I,
Section 13 of the Texas Constitution, the defendant must make a timely objection before
the trial court. See Tex. R. App. P. 33.1(a); Hookie v. State, 136 S.W.3d 671, 679–80 (Tex.
App.—Texarkana 2004, no pet.); see also U.S. Const. amend. VIII; Tex. Const. art. I,
§ 13. After the trial court read the jury's verdict, the court asked if there was anyone who
disagreed with the verdict. The court received no response or objection. The trial court
then asked Brown if there was any legal reason why the jury's sentence should not be
imposed, to which his counsel answered, "No, Your Honor." The trial court then imposed
the punishment assessed by the jury and informed Brown regarding his right to appeal. 
          The State is correct: Brown did not object to the sentence on the ground that it was
disproportionate to his crime, nor did he do so on any other ground, at the time the trial
court imposed the sentence. Accordingly, Brown did not preserve this issue for our review. 
          We affirm the trial court's judgment.
 
                                                                           Donald R. Ross
                                                                           Justice


Date Submitted:      December 9, 2004
Date Decided:         December 17, 2004

Do Not Publish



;           [State]: Okay. How about, how about an antique house located on Sixth
Street here in Longview, you know, lamps, chairs, dishes; have anything to do with
that one?
            [Dixon]: No, ma'am.
            [State]: No? Okay. How about Square Deal Transmission located on Tyler
Street in Longview?
 
            [Defense counsel]: I'm going to object to this line of questioning.
            [State]: Your Honor, he indicated that he wanted to cooperate. I'm just --
            [Court]: I'm going to allow you to question him.
Ultimately, Dixon denied having anything to do with any wrongdoing at Square Deal Transmission
or with any other wrongdoing posed by the State.
            Prior bad acts or uncharged offenses can be admissible during the punishment phase of a trial. 
After a finding of guilt, or as in this case, a plea of guilty,
evidence may be offered by the state and the defendant as to any matter the court
deems relevant to sentencing, including . . . any other evidence of an extraneous
crime or bad act that is shown beyond a reasonable doubt by evidence to have been
committed by the defendant or for which he could be held criminally responsible,
regardless of whether he has previously been charged with or finally convicted of the
crime or act.

Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2004). Therefore, if any prior bad
acts or uncharged offenses by Dixon had been proven beyond a reasonable doubt by the State, the
jury could have properly considered them in assessing punishment. When such evidence is tendered
during the punishment phase, (1) the trial court is to act as gatekeeper to determine whether the
evidence may be submitted to the jury for consideration,


 (2) the jury "is to determine whether or not
the State has proved the extraneous offenses beyond a reasonable doubt," and (3) a request that the
jury be so instructed should be honored. Mitchell v. State, 931 S.W.2d 950, 953–54 (Tex. Crim.
App. 1996). No such instruction was requested, so none was required.



            To be sure, no actual evidence harmful to Dixon came from this question or from the line of
questioning. Dixon denied involvement in any of the added offenses posed by the State during the
punishment phase. But, of course, an impression must have been made in the minds of the jurors
due to the time and energy spent by the State asking Dixon whether he committed or knew about
various offenses. The clear import of the State's line of questioning and comments made in the jury's
presence was that Dixon would be considered cooperative only if he admitted committing at least
some of the offenses posed by the State's questions and that his repeated denials constituted a failure
to cooperate, time after time, in the presence of the jury.
In Booth v. State, 90 Tex. Crim. 240, 234 S.W. 888, this court . . . said: "It is in
exceedingly rare instances where this court would feel called upon to reverse a case
solely because counsel may have propounded an improper question." We quote from
Ard v. State, 101 Tex. Crim. 545, 276 S.W. 263, as follows: "The asking of a
question whose affirmative answer might be hurtful to the accused would ordinarily
present no error . . . unless the answer is given, and, if given and answered in the
negative, . . . no error would be made to appear."

Fritts v. State, 119 Tex. Crim. 412, 42 S.W.2d 609, 612 (1931).
Finally, appellant urges us to reverse because the state's attorney asked appellant two
questions: one, if he had asked the officers on the way to the jail to get him a
hamburger; the other, if he had shown any remorse for having blasted Frank Olsson
six times.
 
The court sustained general objections to these questions and the witness gave no
answer to either of them. Appellant's counsel did not ask the court for instructions
to disregard. He obtained all the relief he sought, and cannot now complain. 
Washington v. State, Tex.Crim.App., 484 S.W.2d 721; Burks v. State,
Tex.Crim.App., 432 S.W.2d 925.

Foster v. State, 493 S.W.2d 812, 814 (Tex. Crim. App. 1973); see also Burks v. State, 876 S.W.2d
877, 902 (Tex. Crim. App. 1994). Here, Dixon made one general objection, only to the line of
questioning, without specifying any basis, and made no request for an instruction or for a mistrial.


 
Error was not preserved.
            In addition, sua sponte, the trial court orally gave a limiting instruction, and included it in the
jury charge, directing the jury to consider testimony about extraneous offenses only if it found from
the evidence beyond a reasonable doubt that extraneous offenses had been proven. Such an
instruction is consistent with Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1). A limiting
instruction cures an error unless the error is such that it suggests the impossibility of withdrawing
the erroneous impression from the minds of the jurors. Dowthitt v. State, 931 S.W.2d 244 (Tex.
Crim. App. 1996); Moore v. State, 882 S.W.2d 844 (Tex. Crim. App. 1994). We presume a jury
follows the instructions given by the trial court. Ross v. State, No. 09-01-517-CR, 2002 Tex. App.
LEXIS 8974 (Tex. App.—Beaumont Dec. 19, 2002) (per curiam) (not designated for publication),
cert. denied, No. 03-49, 2003 U.S. LEXIS 7003 (Oct. 6, 2003).
            Because no reversible error has been shown, we overrule Dixon's second point of error.
            We affirm the judgment of the trial court.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          May 11, 2004
Date Decided:             June 14, 2004

Do Not Publish