OLEN BEARDEN V. STATE

No. 31,781. March 23, 1960

Motion for Rehearing Overruled May 4, 1960

*Spence, Martin & Richie,* by *B. E. Richie,* Wichita Falls, for appellant (on Appeal Only).

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge

The conviction is for the felony offense of driving while intoxicated; the punishment, 6 months in jail and a fine of $375.

Proof was offered of the prior conviction as alleged and that the appellant was the same person so convicted.

There was no dispute on any material issue except the one of whether the appellant was intoxicated as alleged in charging the primary offense. The testimony of three witnesses for the state shows that he was intoxicated while the testimony of appellant and three witnesses called by him shows that he was not intoxicated.

The jury resolved the issue of intoxication against the appellant and the evidence sustains its verdict of guilty as charged.

Appellant urges error because of the non-responsive statement by an officer while testifying before the jury that he refused to give his consent for a blood test.

The record shows that while Highway Patrolman Granberry was testifying for the state on direct examination the above matter arose in the following manner:

"Q—What did you observe about the defendant at that time to make you form the opinion that he was drunk? A—Patrolman Gollohon and I got out of our patrol car and went up to the left hand side of his car, which would be on the driver's side of the car, and we got him out of his car and he staggered back to the patrol car, and like I said he was placed in the patrol car and Patrolman Gollohon drove him to the County jail. We parked the car west of the sheriff's driveway. He was still in the patrol car and Mr. Gollohon stopped there and *I got in the patrol car with him for a discussion with Mr. Bearden (appellant) about a blood test and he refused to sign the authority for a blood test.*

"MR. MILLER: Just a minute, Your Honor, we object to any conversation he had with the defendant after he was placed under arrest.

"THE COURT: I will sustain the objection."

Appellant did not move to strike the non-responsive statement of the officer that the appellant refused to give his consent for a blood test, though the objection of the appellant was sustained. No motion was made to have it withdrawn from the jury.

There was no motion made to declare a mistrial because of such statement.

The court ruled favorably to the appellant on his objection. After his objection was sustained he appears to have been satisfied because he asked the court for no further relief. Appellant is in no position to complain of said statement. 5 Tex. Jur. (2) 61, Sec. 39; Martin v. State, 157 Tex. Cr. Rep. 210, 248 S.W. 2d 126; Earwood v State, 161 Tex. Cr. Rep. 171, 275 S.W. 2d 652; Pruitt v. State, 164 Tex. Cr. Rep. 340, 299 S.W. 2d 148.

The judgement is affirmed

Opinion approved by the Court