**Bobby Raye DOBBS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 39170.**

Court of Criminal Appeals of Texas.

Feb. 2, 1966.

Jack Hampton, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom F. Reese, John C. Vance and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is burglary with a prior burglary conviction alleged for enhancement; the punishment, 12 years.

Cafeman Doyle testified that he closed and locked his place of business on the day in question and was called by the police to come back there at 2:00 a. m., at which time he found that a pay telephone had been ripped off the wall, his cigarette machine had been broken into, and several items including his toaster were missing.

Officer Slemmons of the Dallas Police testified that while on patrol on the night in question he saw a station wagon being driven at a high rate of speed, gave chase and brought it to a halt, that while examining appellant's driver's license he looked into the station wagon and saw a pay tele-

phone, and that when he asked appellant where he had gotten it, appellant replied "that he got it out of a cafe just off Bryan Street." At this juncture handcuffs were placed on appellant and his companion. Inside the automobile the officer found an electric toaster and other items similar to those described in Doyle's testimony. According to the officer, appellant agreed to show him where the cafe was located; it was found and Doyle was notified. Slemmons' partner, Officer Williams corroborated his testimony in many respects.

Identification Officer Hicks testified that he arrived at the cafe and lifted a fingerprint from the empty coin box in the cigarette machine, and that he later took appellant's prints while he was in jail.

Lt. Day, the supervisor of the fingerprint files testified that he compared the two sets of prints given him by Hicks and expressed the opinion from his 16 years experience that they were both the prints of the same person.

Appellant did not testify or offer any evidence in his own behalf.

We shall discuss the contentions advanced by appellant by brief and in argument by counsel on appeal. Appellant concedes that the statement made by appellant at the time of the arrest that he had gotten the pay telephone at a cafe was res gestae, but earnestly urges that the testimony of the officer as to the directions which appellant furnished while enroute to the cafe were not. We quote from the record:

"Q. You know or you asked him what happened?

A. He stated that he would show me the place. We turned around; we got on Bryan Street. He directed me to go west on Bryan Street.

Q. You went west on Bryan Street?

A. We went west on Bryan. He directed me to turn north on Peak Street. At that time we turned the

corner he pointed to the cafe at 1407 North Peak.

Q. What direction did you turn on Peak?

A. We turned north on Peak Street from Bryan.

Q. And after you did that, what?

A. He pointed out the cafe on the left side of the street, which is 1407 Peak Street."

■ It was not until this juncture that any objection was interposed, and appellant's trial counsel asked if he might have a full bill to the entire conversation. This Court has consistently held that an objection must be timely interposed in order to raise a question for review. Renfro v. State, 156 Tex.Cr.R. 400, 242 S.W.2d 772.

■ His next contention related to the officer's testimony that he booked appellant at the jail for "investigation of burglary and theft, and investigation of County Vag." Appellant's counsel interposed a general objection immediately subsequent to the prosecutor's question, "Do you recall what charges they were booked into jail on?" It is clear that the trial court properly overruled appellant's objection because the officer might properly have answered, "For burglary." When the answer was given appellant seemed to have been satisfied because he made no further objection and no motion to have the court instruct the jury not to consider the remainder of the officer's answer.

■ His last contention is that reversible error is reflected by the prosecutor's reference to the records of the Department of Corrections in the prior case alleged for enhancement as being the records of this defendant. The trial court told the jury, "Of course, you're not bound by his (the prosecutor's) statement of what it contains."

Finding the evidence sufficient to sustain the conviction, and no reversible error appearing, the judgment is affirmed.