John Henry **MIDDLETON**, Appellant,

v.

**The STATE of Texas, Appellee.**

No. 39589.

Court of Criminal Appeals of Texas.

April 27, 1966.

Rehearing Denied June 1, 1966.

Herbert Green, Jr., Dallas, for appellant.

Henry Wade, Dist. Atty., Charles L. Caperton, Donald D. Koons and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is robbery; the punishment, 30 years.

Henry O'Neal testified that on the night in question he went to the Hill Top Cafe where he sat with friends and consumed some beer. He stated that appellant, whom he knew only by sight, came in the cafe about closing time and that he bought the appellant a beer. Subsequently, according to his testimony, he and appellant left in O'Neal's automobile and drove to an after hours place where appellant, using O'Neal's money, bought a half pint of whiskey. After consuming some of the whiskey, O'Neal offered to take appellant to his home, however, O'Neal became suspicious and drove back to the Hill Top Cafe. Appellant got out of the passenger's seat, walked around the front of O'Neal's automobile and approached the driver's side, whereupon he hit O'Neal several blows, dragged him from the automobile, ran his hand in O'Neal's pockets, took approximately eighty dollars, his new hat and his watch, and ran away. Appellant was not apprehended until several months later, and O'Neal identified him at a police line-up.

Appellant did not testify in his own behalf, but called several witnesses, including his brother, Ray, who testified that O'Neal was drunk and flashing a roll of money on the night in question and had accused others of having robbed him on the occasion in question. Appellant called Henry O'Neal as a witness and on cross-examination, without objection, he testified that when he had informed appellant's brother, Ray, that appellant had robbed him, Ray had said, "that sounds about like him", and that appellant had "skipped town" and later informed the witness Ray that he was in Midland.

In order to show that violence was used in the commission of the robbery, the State called the Department Manager of Medical Records at Parkland Hospital, who testified such records revealed that Henry O'Neal was admitted to the hospital on the night in question and released some ten days later after being treated for a broken jaw. Appellant's objection that such testimony was irrelevant was properly overruled. His objection that the records had not been introduced in evidence might have raised a serious question had it been timely made, but where, as here, it was made at the end of the record clerk's testimony, it was clearly too late. Dobbs v. State, Tex.Cr.App., 398 S.W.2d 557. This is especially true since no motion was made to instruct the jury to dis-

regard the testimony which had already been admitted.

 Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.