Travis Hubert BURKS, Appellant,

v.

The STATE of Texas, Appellee.

No. 41545.

Court of Criminal Appeals of Texas.

Oct. 30, 1968.

Jack M. Sessom, Greenville, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is forgery with prior felony convictions alleged for enhancement under Article 63, Vernon's Ann.P.C.; the punishment, life.

 Appellant's first ground of error is that the prosecutor asked certain questions concerning appellant's prior criminal records from an expert witness. There is a complete absence of any showing that the questions were propounded in bad faith. This is especially true since three prior felony convictions of the same nature were alleged in the indictment. Moreover, appellant's objections to such questions were not timely made thus precluding our review of the contention, Dobbs v. State, Tex.Cr.App., 398 S.W.2d 557; and when made, the court responded to appellant's objection and appellant did not pursue the matter until he received an adverse ruling from the court which is requisite in order to preserve reversible error. In Van Skike v. State, Tex.Cr.App., 388 S.W.2d 716, we said:

" 'In the recent case of Baker v. State, Tex.Cr.App., 368 S.W.2d 627, we quoted from Bearden v. State, 169 Tex.Cr.R. 437, 334 S.W.2d 447, and said: "The court ruled favorably to the appellant on his objection. After his objection was sustained he appears to have been satisfied because he asked the court for no further relief. Appellant is in no position to complain of said statement. 5 Tex. Jr.(2) 61, Sec. 39; Martin v. State, 157 Tex.Cr.R. 210, 248 S.W.2d 126; Earwood v. State, 161 Tex.Cr.R. 171, 275 S.W.2d 652; Pruitt v. State, 164 Tex.Cr. R. 340, 299 S.W.2d 148." ' "

 His second ground of error is that the court erred in his charge to the jury on the question of appellant's sanity. In the absence of an objection to such charge made prior to its submission to the jury nothing is presented for review. Byrd v. State, Tex.Cr.App., 373 S.W.2d 745; 12A Tex.Dig., Criminal Law, Section 847.

He next contends that the prosecutor committed reversible error in commenting on appellant's failure to testify during his argument to the jury.

The bill, as qualified by the trial court, demonstrated that the court responded to each objection made by appellant and appellant did not pursue the matter until he received an adverse ruling from the court. No error is presented. Van Skike v. State, supra.

Finding no reversible error, the judgment of the trial court is affirmed.