**Gip BURRELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 42282.**

Court of Criminal Appeals of Texas.

Oct. 29, 1969.

Spiller & Spiller, by John P. Spiller, Houston, for appellant.

Carol S. Vance, Dist. Atty., Houston, James C. Brough and Jimmy James, Asst. Dist. Attys., Houston, and Jim Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is murder without malice; the punishment, 3 years' confinement in the Texas Department of Corrections.

The sufficiency of the evidence is not challenged and we do not deem a recitation

3. See Evans v. State, Tex.Cr.App., 444 S.W.2d 641, and Evans v. State, Tex.Cr.App., 445 S.W.2d 180.

of the facts essential to a proper disposition of this appeal.

■ Initially, the overruling of appellant's first motion for a continuance is relied on as a ground for reversal.

The motion alleged that Dr. Joseph A. Jachimczyk, Harris County Chief Medical Examiner, who had been subpoenaed by the State, was temporarily out of the country; that he had performed the autopsy on the deceased and had prepared and signed the autopsy report; that if the doctor "should not appear and testify" the appellant "would be deprived of the right" to confrontation and cross-examination.

The motion was not sworn to by the appellant as required by Article 29.08, Vernon's Ann.C.C.P., nor among other defects, did the motion state facts which were expected to be proved by such witness, or that the witness was not absent by the procurement or consent of the appellant or that diligence had been used to procure his attendance, nor was there any assertion that the witness would be available at a future date in the same term of court, all of which are required by Article 29.06, V.A.C.C.P.

In light of the record, the court did not err in overruling said motion. Brock v. State, Tex.Cr.App., 424 S.W.2d 436; Albrecht v. State, Tex.Cr.App., 424 S.W.2d 447.

Ground of error # 1 is overruled.

■ Next, appellant complains that the State was allowed to prove by Dr. Robert Bucklin, Associate Pathologist for Harris County, the results of the autopsy performed by Dr. Jachimczyk. Appellant's objection to Dr. Bucklin's testimony was not on the ground of confrontation but on the sole ground that a proper predicate had not been laid. Putting aside the question of whether the objection was too general to merit consideration, see Bennett v. State, Tex.Cr.App., 394 S.W.2d 804 at 807, we observe that Viser v. State, Tex.Cr.App., 396 S.W.2d 867, and Neely v. State, Tex.

Cr.App., 409 S.W.2d 552, involving these same doctors, have been decided contrary to appellant's contention. The predicate laid was similar to that in Viser v. State, supra, and we believe the requirements of Article 3737e and 3731a, Vernon's Ann.Civ.St., were adequately met. See also Article 49.25, Secs. 9 and 11, V.A.C.C.P.

The careful trial judge only permitted Dr. Bucklin to read from the autopsy report itself as a custodian of the official records.

Ground of error # 2 is overruled.

The judgment is affirmed.