**Connie Mack SPRINKLE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42700.**

Court of Criminal Appeals of Texas.

March 18, 1970.

Wayne B. Ames, Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is possession of marijuana; the punishment, 10 years.

Appellant entered a plea of guilty before a jury and a portion of his extrajudicial confession was introduced by stipulation.

The evidence seized and admitted was also stipulated. The seizure of the marijuana was made pursuant to a search warrant.

■ Appellant first complains that the judge denied his motion for continuance so that appellant might contact two witnesses who he alleges were germane to his defense. The record reflects that on February 4, 1969, the appellant had been granted a thirty (30) day postponement in order to employ counsel. Subsequently on March 7, 1969, appellant was still unable to hire counsel, and the court then appointed appellant an attorney. The court re-set the trial for April 14, 1969. The judge's order overruling the motion for continuance reflects that this motion was submitted after both sides had announced ready for trial. Further, this motion does not comply with Article 29.08, Vernon's Ann.C.C.P., in that it was not sworn to by the appellant. The trial judge did not abuse his discretion.

■ Appellant's second ground of error is that the trial court erred in admitting evidence of narcotic paraphernalia observed by one of the arresting officers at the scene of the arrest prior to the actual arrest and seizure of marijuana, which was taken from an automobile at this location. It was shown that a person at the scene called the officers to come look at some items that he said appellant and a companion had brought into the house. The items were the narcotic paraphernalia appellant now complains of. These items were not introduced into evidence. Appellant objected to the officer's testimony concerning this paraphernalia, and the jury was instructed not to consider this testimony for any purpose. Appellant did not pursue the matter further. In Turner v.

State, Tex.Cr.App., 371 S.W.2d 891, this Court said:

"When the court had instructed the jury to totally disregard the remarks of the officer, it appears that appellant was satisfied, because he never asked the court for any further relief. No reversible error is presented. * * *"[1]

No error is perceived.

■ Appellant's last ground of error is that the court erred in allowing the testimony of an adult probation officer as to the character and reputation of appellant to be introduced at the hearing. Appellant did not object to this testimony. It is further observed that such testimony was admissible under Article 37.07, V.A.C.C.P.

Finding no reversible error, the judgment is affirmed.

---

1. See Van Skike v. State, Tex.Cr.App., 388 S.W.2d 716; Baker v. State, Tex.Cr.App., 368 S.W.2d 627; Bearden v. State, 169 Tex.Cr.R. 437, 334 S.W.2d 447.