**Doyle IKNER, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43875.**

Court of Criminal Appeals of Texas.

June 9, 1971.

Rehearing Denied July 28, 1971.

Holt & Tatum by Marion G. Holt, Nacogdoches, for appellant.

Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for sale of marihuana with the punishment being assessed by the jury at five years.

■ We find no error in appellant's complaint that the court erred in overruling his first motion for continuance based on the absence of two unknown witnesses. The indictment was returned on June 4, 1970. On August 3, 1970, both parties announced ready for trial.[1] The motion for continuance reflects it was filed the day prior to trial (August 26, 1970). Such motion was not sworn to by the appellant personally as required by Article 29.08, Vernon's Ann. C.C.P. For this reason alone no error is presented. Hill v. State, Tex.Cr.App., 429 S.W.2d 481, cert. den. 393 U.S. 955, 89 S.Ct. 384, 21 L.Ed.2d 367.

Further, the motion did not state facts which were expected to be proved by such witnesses so as to comply with Article 29.06, V.A.C.C.P.

Still further, a motion for new trial based upon the overruling of a motion for continuance because of the absence of a witness should have the affidavit of the missing witness or a showing under oath that the witness would actually testify to the facts set out in the motion for new trial. See 1 Branch's Ann.P.C., 2d ed., Sec. 357, and cases there cited; Palasota v. State, Tex.Cr.App., 460 S.W.2d 137. This was not done in the case at bar.

No error is perceived. Burrell v. State, Tex.Cr.App., 446 S.W.2d 323; Brock v. State, Tex.Cr.App., 424 S.W.2d 436; Albrecht v. State, Tex.Cr.App., 424 S.W.2d 447; Harris v. State, Tex.Cr.App., 450 S.W.2d 629; Sprinkle v. State, Tex.Cr. App., 452 S.W.2d 456.

■ In his remaining grounds of error appellant challenges the sufficiency of the evidence to sustain a conviction contending the State relied upon the uncorroborated testimony of an accomplice witness, and that the court failed to charge the jury "on

the law of accomplice witness" and the necessity for corroboration. See Article 38.14, V.A.C.C.P.

Ben Halamicek, a narcotic agent for the Department of Public Safety, testified that on February 12, 1970, he was working as an undercover agent in Nacogdoches County; that in company with two unknown colored males whom he had met at a dance on a college campus, he went to the appellant's place of employment and subsequently followed him to the Blue Gardenia; that the appellant went upstairs at such location with one of the boys accompanying him (Halamicek); that shortly thereafter the appellant returned and got into Halamicek's car and asked him "how much weed" he wanted to which Halamicek replied "a lid." The appellant later returned and sold the "lid" to Halamicek for twenty dollars. Halamicek testified this was the first time he had ever seen or had a conversation with the appellant, and that after the alleged sale he took his companions, whose names he did not know, to a location they designated.

A chain of custody of the substance in the "lid" was shown, and by chemical analysis such substance was shown to be marihuana.

In Alexander v. State, 168 Tex.Cr.R. 288, 325 S.W.2d 139, this Court held that an "undercover agent is not an accomplice witness so long as he does not bring about the crime but merely obtains evidence to be used against those engaged in the traffic." See also Jones v. State, Tex.Cr. App., 427 S.W.2d 616; Clark v. State, Tex.Cr.App., 398 S.W.2d 763; Vela v. State, Tex.Cr.App., 373 S.W.2d 505; Masters v. State, 170 Tex.Cr.R. 471, 341 S.W.2d 938; Huerta v. State, Tex.Cr.App., 390 S.W.2d 770; 11A Texas Digest, Criminal Law 507(4).

---

1. Appellant contends his announcement was subject to the taking of the deposition of Ben Halamicek, the undercover agent to whom the sale was allegedly made.

The deposition was apparently taken on August 19, 1970. It is not in the record before us.

We do not find that Halamicek was an accomplice witness under the facts here presented. Ochoa v. State, Tex.Cr.App., 444 S.W.2d 763. Therefore, the court did not err in failing to charge that Halamicek was an accomplice witness. The evidence was sufficient to sustain the conviction without the necessity of corroboration.

The judgment is affirmed.