**Jerald Don EVANS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44643.**

Court of Criminal Appeals of Texas.

March 15, 1972.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, James B. Scott, Asst. Dist. Attys., Dallas and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary; the punishment was assessed by the jury at 12 years.

Lula Mae Ray testified that on November 7, 1969, while she was away from home, her house was broken into and a color television set and bedspread were taken. When she returned home she discovered the burglary, after which she had a

conversation with one of her neighbors, Claudia Mae Carter. She then notified the police.

Claudia Mae Carter testified that she was a neighbor of Lula Mae Ray in Dallas and that about noon on November 7, 1969, she observed two persons take a television set from the residence of Lula Mae Ray. She stated that she saw them put the television set in a truck and drive off. She described the truck as "an old black truck with pasteboard license on it." She identified the appellant as one of the two that she saw take the television from the residence of Lula Mae Ray.

Vernon Spence, Jr., testified that on November 7, 1969, the appellant borrowed his pickup truck around noon and returned it after "about two hours." He stated that the front license plate was missing from the pickup truck and it had a paper tag on it.

■ Appellant's first two grounds of error complain of improper questions propounded by the prosecutor and improper remarks by the prosecutor during closing argument as to guilt or innocence. The first complaint relates to questions asked witness Claudia Mae Carter, and the record reflects the following:

"Q. Were you at your place last night?

"A. No.

"Q. Did someone come by and break out the windows last night?

"A. Some boys *come* by and broke the windows."

Next, complaint is made to the following remark by the prosecutor during closing arguments as to guilt or innocence: "I submit to you that Claudia Mae Carter had no reason in the world to come down here and tell you she saw those two men take that television. If we could go into what

happened last night, it would be more to her interest not to come down here." An objection was sustained by the court in each instance and the court instructed the jury to disregard the matters and not to consider them for any purpose. Therefore, the error, if any, was cured. Heartfield v. State, Tex.Cr.App., 470 S.W.2d 895; Hill v. State, Tex.Cr.App., 466 S.W.2d 791; Moses v. State, Tex.Cr.App., 464 S.W.2d 116.

Grounds of error one and two are overruled.

Next, appellant contends that reversible error was committed when the prosecutor attempted to introduce a prior criminal record of appellant.

■ The record reflects that at the punishment stage of the trial Leslie Turner, a Dallas County Probation Officer, was called as a witness for the state. He was asked if he was acquainted with the appellant and responded that he was. Whereupon, he was asked to tell the jury the contents of the conversation he had had with appellant when they first met. He responded: "The first meeting, I was making a transfer investigation. He was on parole from the State of California." An objection to the answer was sustained and the jury was instructed by the court not to consider the answer for any purpose. He was then asked if he was appellant's parole officer. An objection to this question was sustained and the jury was instructed "to disregard all the evidence from this witness." The witness was then excused. No further relief was requested by appellant. Appellant was apparently satisfied with the relief he received. He did not pursue the matter until he received an adverse ruling from the court which is requisite in order to preserve reversible error. Burks v. State, Tex.Cr.App., 432 S.W.2d 925; Baker v. State, Tex.Cr.App., 368 S.W.2d 627; Bearden v. State, 169 Tex.Cr.R. 437, 334 S.W.2d 447.

Ground of error number three is overruled.

 Finally, appellant's fourth ground of error asserts that, since witness Claudia Mae Carter testified that she was a mental patient, reliance upon her testimony to convict the appellant was reversible error.

The record reflects that when the witness was asked, on cross-examination, where she worked, she testified that she was unemployed as she was an out patient in a mental hospital. She was then cross-examined extensively concerning the case at bar. No objection was made to her testimony until two other witnesses had been presented in full and the state had rested its case in chief.

In McCormick and Ray, Evidence, 2d Ed., at Sec. 23, it is written:

"The objection must be made as soon as the ground of objection becomes apparent. As to evidence taken at the trial this will usually be when the evidence is offered."

And, at Sec. 254:

"The general rule is that an objection to the incompetency of a witness must be made as soon as he takes the stand and before the direct examination has begun, if his disqualification was then known. Where the ground of objection becomes apparent for the first time during the examination the objection may be made at that time."

The objection having been untimely, in the instant case, the error, if any, is not preserved.

Ground of error number four is overruled.

There being no reversible error, the judgment is affirmed.