**Jack I. RENTSCHELER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46058.**

Court of Criminal Appeals of Texas.

April 11, 1973.

Rehearing Denied May 1, 1973.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., and Robert T. Baskett, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is sale of marihuana; the punishment, life.

Garland police department undercover agent, Steve Pray, testified that on Decem-

ber 11, 1969, he purchased twelve (12) marihuana cigarettes from appellant for $10.

Appellant's first ground of error complains of the following statement made by the prosecutor during argument:

"This is the first time I have had an opportunity to talk directly with you and it's my duty now to answer some of the things Mr. Scoggins has had to say, and then to say a few words on behalf of the people that Mr. Stephens and I represent, that is the law abiding citizens of this county."

Appellant's objection to the remark was sustained but no further relief was requested. In order to properly preserve a point for review, appellant must pursue his objection until he receives an adverse ruling. Burks v. State, Tex.Cr.App., 432 S.W.2d 925, and the cases cited therein.

Appellant's reliance on Bray v. State, Tex.Cr.App., 478 S.W.2d 89, is misplaced. In that case the prosecutor said that he was glad that he did not have to make his living representing a man involved in a robbery and also otherwise cast aspersions, which are not present here, on appellant's court appointed counsel.

Appellant's first ground of error is overruled.

Appellant's next ground of error challenges the sufficiency of the chain of custody of the contraband. At the time the cigarette, which had been submitted to the chemist and found to contain marihuana, was offered in evidence no objection was interposed. We have, however, examined the record and find that the chain of custody was properly established.

Appellant's second ground of error is overruled.

Appellant's last ground of error contends that the court erred in permitting the following portion of the indictment to be read to the jury:

". . . [the Grand Jurors] good and lawful men of the County of Dallas, State of Texas, duly elected, tried, impaneled, sworn and charged . . . upon their oath."

It is his contention that the words quoted above constitute bolstering of the State's case, placed emphasis on the character of the Grand Jury and gave undue emphasis to the charge set forth in the indictment. Article 36.01, Vernon's Ann.C.C.P., requires that the indictment be read to the jury.

Appellant's third ground of error is overruled.

We have examined appellant's pro se brief and conclude it raises no additional grounds which require discussion.

Finding no reversible error, the judgment is affirmed.