George Rayford BURLESON, Appellant,

v.

The STATE of Texas, Appellee.

No. 57223.

Court of Criminal Appeals of Texas,
Panel No. 2.

June 13, 1979.

Rehearing En Banc Denied Sept. 19, 1979.

Allan K. Butcher, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, Jack Strickland, William E. Kane and Candyce Howell, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

OPINION

DALLY, Judge.

This is an appeal from a conviction for murder. The punishment is imprisonment for life.

Appellant contends that the trial court erred by admitting in evidence the autopsy report prepared by Dr. Feliks Gwozdz, the Tarrant County Medical Examiner, since the proper predicate for its admission as a business or official record was not laid. Appellant also contends that the admission of the report denied him his constitutional right of confrontation.

The indictment in this case alleges that on or about June 15, 1975, appellant

". . . intentionally and knowingly cause[d] the death of an individual, Russell Livermore, by shooting him with a firearm . . ."

Appellant's first trial resulted in a hung jury, and a mistrial was declared on July 29, 1976. The trial from which this appeal is taken began on February 14, 1977.

The only evidence in the record as to the cause of death of the deceased is the autopsy report prepared by Dr. Gwozdz. Mary Pare, the executive secretary for the Tarrant County Medical Examiner, testified that she had been so employed since 1965. She further testified that her main duty is to transcribe the reports dictated by Dr. Gwozdz during autopsies and to present them to the doctor for his signature, that these transcriptions are generally prepared on the same day the autopsy is performed, that Dr. Gwozdz performs the autopsies and has personal knowledge of the conditions described in the reports, and that the autopsy reports are prepared and filed in the regular course of business in the Medical Examiner's office. Pare stated that she had the care, custody, and control of the autopsy reports, and identified file number 1187–75 as the autopsy report on the deceased, Russell Livermore. This report, a copy of which is in the record, is dated June 15, 1975, and signed by Dr. Gwozdz.

Over appellant's objections that he was being denied his right of confrontation and that Art. 3737e, V.A.C.S., had not been complied with, the trial court admitted the autopsy report in evidence and allowed the prosecutor to read it to the jury. The report states that the cause of the deceased's death was hemopericardium and hemothorax due to multiple gunshot wounds of the chest.

■ This Court has held on several occasions that autopsy reports prepared by county medical examiners are admissible as business records, Art. 3737e, V.A.C.S., official records, Art. 3731a, V.A.C.S., or both. *Whitfield v. State*, 492 S.W.2d 502 (Tex.Cr. App.1973); *Mahaffey v. State*, 471 S.W.2d 801 (Tex.Cr.App.1971); *Cuevas v. State*, 456 S.W.2d 110 (Tex.Cr.App.1970); *Burrell v. State*, 446 S.W.2d 323 (Tex.Cr.App.1969). Pare's testimony was sufficient to establish the admissibility of the autopsy report as a business record, and appellant's ground of error to the contrary is overruled. In light of this holding, appellant's grounds of error challenging the admissibility of the report as an official record are moot.

Appellant contends that the admission of the report denied him his right of confrontation since Dr. Gwozdz was not present at the trial and was, therefore, unavailable for cross-examination. Pare testified that Dr. Gwozdz had left Fort Worth on February 14, 1975, the first day of the trial, to attend a professional meeting in San Diego, California. It was stipulated by the prosecuting and defense attorneys that the prosecutor had learned on February 10 that Dr. Gwozdz would be out of town during the trial, and had promptly informed defense counsel. Apparently, neither the prosecutor nor the defense made any effort to subpoena Dr. Gwozdz. The record reflects that in response to a question by the trial

court during preliminary proceedings on February 14 defense counsel expressly declined to request a continuance due to Dr. Gwozdz's absence.

 Evidence within the scope of the Business Records Act, Art. 3737e, supra, or Official Records Act, Art. 3731a, supra, is not admissible if it does not have the indicia of reliability sufficient to insure the integrity of the fact finding process commensurate with the constitutional rights of confrontation and cross-examination. *Porter v. State*, 578 S.W.2d 742 (Tex.Cr.App.1979); *Coulter v. State*, 494 S.W.2d 876 (Tex.Cr.App.1973); *Battee v. State*, 543 S.W.2d 91 (Tex.Cr.App.1976); *Sisson v. State*, 561 S.W.2d 197 (Tex.Cr.App.1978). It must be determined in each instance whether the particular record is of such trustworthiness as to guarantee the same protection provided by the rights of confrontation and cross-examination. The particular record and its relationship to the case in which it is offered are a part of the circumstances to be considered in determining whether the record has the fundamental trustworthiness necessary for its admission in evidence. *Coulter v. State*, supra.

 The report of the autopsy of the body of Russell Livermore was prepared and filed pursuant to law. Art. 49.25, Secs. 9 and 11, V.A.C.C.P. The autopsy report appears to be an objective, scientific record of Dr. Gwozdz's findings, and appellant makes no suggestion to the contrary. Although Dr. Gwozdz was doubtlessly aware that criminal charges would likely be brought as a result of the deceased's death, there is nothing in the record to indicate that the report was prepared for the primary purpose of appellant's prosecution. See *Coulter v. State*, supra.

It cannot be said that appellant and his counsel had an inadequate opportunity to study the report, since autopsy reports are public records. Art. 49.25, Sec. 11, supra. Although defense counsel was informed in advance of Dr. Gwozdz's travel plans, no effort was made to subpoena the doctor. Had appellant believed that expert testimony concerning the cause of death was neces-

sary or desirable, he could have requested a continuance pending Dr. Gwozdz's return or called as a witness a doctor of his own choosing. We hold that, under the circumstances, the admission of the autopsy report did not deny appellant his constitutional rights of confrontation and cross-examination.

The judgment is affirmed.