**Gertrude VIRTS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–166–CR.**

Court of Appeals of Texas, Corpus Christi.

Dec. 22, 1983.

Rehearing Denied Feb. 23, 1984.

Arnold X. Medina, Garza & Medina, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

NYE, C.J., and BISSETT and YOUNG, JJ.

## OPINION

BISSETT, Justice.

This is an appeal from a conviction for attempted capital murder. A Nueces County jury convicted appellant Gertrude Virts for attempting to murder one Tammy Lee, a former co-worker at the Osaka Health Spa in Nueces County, Texas, on September 12, 1981. The jury assessed appellant's punishment at twenty-five years' confinement in the Texas Department of Corrections. Appellant appeals on seven grounds of error.

Appellant, in her first ground of error, argues that the evidence is insufficient to show that she committed attempted capital murder, either as a direct participant or under the law of parties. Tammy Lee, the victim of the attempted murder, testified that appellant held her while either the appellant or another woman cut her throat. This testimony is sufficient by itself to establish beyond a reasonable doubt that appellant was at least a party to the attempted murder. We need not then address appellant's other contentions concerning the sufficiency of the evidence to support appel-

lant's conviction. We have, however, reviewed the entire record and hold that evidence was sufficient to show that appellant was at the very least a party to the attempted capital murder and so was criminally liable.

In her second ground of error, appellant contends that the indictment is fundamentally defective because it failed to allege the required culpable mental state. Appellant relies on *Lugo-Lugo v. State,* No. 60,018 (Tex.Cr.App. December 15, 1982). This opinion has been withdrawn and overruled by *Lugo-Lugo v. State,* 650 S.W.2d 72 (Tex.Cr.App.1983). We hold that the indictment in this case is not fundamentally defective and overrule appellant's second ground of error.

In her third ground of error, appellant contends that the trial court erred in denying her motion for change of venue. It is undisputed that there was extensive pretrial publicity surrounding this case. The question of whether a change of venue should be granted because of extensive pretrial publicity is one of constitutional dimension, and the test to be applied by the court is whether outside influences affecting the community's climate of opinion as to a defendant are so inherently suspect that the resulting probability of unfairness requires suitable procedural safeguards. *McManus v. State,* 591 S.W.2d 505 (Tex.Cr.App.1979).

The record reflects conflicting testimony as to whether appellant could get a fair trial in Nueces County. This issue was decided adversely to appellant when the trial judge, acting as trier of facts, overruled the motion for change of venue. Appellant presented evidence to show that media coverage was extensive and offered opinion testimony from three local attorneys that appellant could not get a fair trial in Nueces County. The testimony of the potential jurors on voir dire indicated unmistakably that appellant was able to get a jury composed of unbiased jurors willing to acquit her if the prosecution failed to convince them that she was guilty beyond a reasonable doubt. The State also presented testimony in support of its contention that appellant could get a fair trial in Nueces County. We do not agree that appellant has met her heavy burden of showing that the coverage was so prejudicial or the jury so predisposed so as to deny her a fair trial. Appellant's third ground of error is overruled.

In her fourth ground of error, appellant argues that the trial court erred in failing to sustain appellant's objection to an allegedly inflammatory and prejudicial photograph. The color photograph in question showed the scene at the Osaka Health Spa after the events transpired, and in particular showed the clothed bodies of two other victims who did not live to testify. Appellant objected to the introduction of the photograph at trial. She argues that the photograph should have been excluded because it was irrelevant, immaterial, highly inflammatory, and was offered only to inflame the minds of the jury.

The Court of Criminal Appeals articulated the standard for admissibility of photographic evidence in *Martin v. State,* 475 S.W.2d 265 (Tex.Cr.App.1972), cert. den. 409 U.S. 1021, 93 S.Ct. 469, 34 L.Ed.2d 312 (1972), as follows:

"A determination as to the admissibility of photographic evidence is made upon the same basis as is a decision on the admissibility of other types of evidence and must rest largely in the discretion of the trial judge. *Lanham v. State,* Tex.Cr. App., 474 S.W.2d 197 (1971).

\* \* \* \* \* \*

"We hold that if a photograph is competent, material, and relevant to the issue on trial, it is not rendered inadmissible merely because it is gruesome, or might tend to arouse the passions of the jury, unless it is offered solely to inflame the minds of the jury. If a verbal description of the body and the scene would be admissible, a photograph depicting the same is admissible.

\* \* \* \* \* \*

"We recognize there will be cases where the probative value of the photographs is very slight and the inflammatory aspects great; in such cases it would be an abuse of discretion to admit the same."

Using this standard, and following our analysis of it in *Reimer v. State,* 657 S.W.2d 894 (Tex.App.—Corpus Christi 1983 no d.r.), we hold that the admission of the photograph was not reversible error. First of all, the photograph was relevant in that it showed the scene of the crime, if not the particular victim. Second, while any photograph of a dead human body is gruesome, we must point out that we live in a gruesome age where depictions of worse horrors are commonplace. It is doubtful that a contemporary jury would find a photograph such as this one so emotive as to govern their deliberations. Therefore, since the photograph has relevance in showing the scene of the crime, and is questionably inflammatory, its probative value cannot be said to be greatly outweighed by its prejudicial effect.

■ In her fifth ground of error, appellant contends that the trial court erred in failing to grant a mistrial because of allegedly improper jury argument by the prosecutor at the punishment phase of the trial. The argument complained of was as follows:

"Another thing she didn't do, she didn't even stay in town. She didn't even stay in town. She went to Montana. She left three people—"

Defense counsel then interjected an objection, requested an instruction to the jury, which was granted, and moved for a mistrial, which was not. Appellant contends that the statement was highly prejudicial because it implied that appellant needed to be punished for leaving three people dead and so was totally outside the record. However, the prosecutor was cut off before he could finish the sentence, and so we do not know whether he planned to say "dead," "dying," "injured," or whatever. Additionally, the jury was instructed that appellant was on trial for "Tammy Lee's injuries" and nothing else. There was evidence adduced earlier in the trial that the two other women died. We hold that the prosecutor's comments, although improper, were not so prejudicial as to require reversal, since they were a reasonable deduction from the evidence. *Alejandro v. State,* 493 S.W.2d 230 (Tex.Cr.App.1973).

■ In her sixth ground of error, appellant contends that the trial court erred in refusing to allow the appellant to cross-examine the victim regarding the identify of co-indictee Cynthia May and committed further error in not allowing appellant to perfect its bill of exception. The trial court denied appellant's request to bring co-indictee Cynthia May into the courtroom for purposes of identification. Appellant cites us to several cases dealing with the right of confrontation and cross-examination of *witnesses.* Cynthia May was not a witness in this instance, nor was she the defendant being tried. Appellant argues that she should have been brought before the court in order to allow appellant to more fully cross-examine the witness-victim as to the identity of Cynthia May so as to determine the witness' credibility on identity. The only identity in question at this trial which was material was that of the appellant, however. None of the cases appellant has cited to us establish that the right to cross-examination would apply in this particular situation. Since the identity of co-indictee Cynthia May was not evidence which would prove that the witness was biased or had an animus or a motive for testifying against appellant, the following Texas Court of Criminal Appeals' cases cited by her do not apply. *See Harris v. State,* 642 S.W.2d 471 (Tex.Cr.App.1982); *Castro v. State,* 562 S.W.2d 252 (Tex.Cr.App.1978); *Jackson v. State,* 482 S.W.2d 864 (Tex.Cr.App.1972). Likewise, this is not a case where the conviction rests upon recorded testimony of a witness who was unavailable for cross-examination at trial, as in *Pointer v. Texas,* 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965), or upon an autopsy report, as in *Burleson v. State,* 585 S.W.2d 711 (Tex.Cr. App.1979). We hold that the trial court's denial of her request to bring in a co-indictee not on trial to assist in the cross-examination of a witness solely as to the identity

of that co-indictee is not error. Accordingly, appellant's sixth ground of error is overruled.

In her seventh ground of error, appellant contends the trial court erred in wrongfully excluding the testimony of Dr. David Feltoon, a psychologist, who testified on bill of exception that co-indictee Cynthia May was legally insane. Appellant urges this Court that all evidence relevant to the issue of mitigation of punishment was admissible, citing *Allaben v. State,* 418 S.W.2d 517 (Tex.Cr.App.1967). While we agree that *relevant* evidence is admissible, we fail to see how evidence that a co-indictee was insane was relevant on the issue of mitigation of punishment at appellant's trial. We hold that the trial court did not err in excluding Dr. Feltoon's testimony. We have carefully considered all of appellant's grounds of error, and they are overruled.

The judgment of the trial court is AFFIRMED.