**Affirmed and Majority and Concurring Opinions filed July 30, 2024.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00630-CR

---

### BAASHUA RONEL BALTRIP, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 1675184**

---

## MAJORITY OPINION

A jury found appellant guilty of aggravated robbery and assessed punishment at thirty years' confinement. In a single issue, appellant contends that the evidence is insufficient because there is no evidence that he committed theft or attempted to commit theft during the assault of the complainant. We affirm.

## I.      Standard of Review and Legal Principles

When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a jury was rationally justified in finding guilt beyond a reasonable doubt. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This familiar standard gives full play to the responsibility of the fact finder to fairly resolve conflicts in the testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *McPherson v. State*, 677 S.W.3d 663, 664 (Tex. Crim. App. 2023).

Although juries may not draw conclusions based on speculation, they may draw multiple reasonable inferences from the evidence if each inference is supported by the evidence. *Merritt*, 368 S.W.3d at 525. We may determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence viewed in the light most favorable to the verdict. *Id.* When the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination. *Id.* at 526.

To meet its burden of proving each element of the offense beyond a reasonable doubt, the State need not exclude every conceivable alternative to a defendant's guilt. *Id.* at 525. Circumstantial evidence is as probative as direct evidence in establishing the guilt of a defendant, and circumstantial evidence alone can be sufficient to establish guilt. *Id.*

To prove aggravated robbery in this case, the State had to prove among other things that appellant committed an assault in the course of committing theft. *See* Tex. Penal Code §§ 29.02, 29.03. "'In the course of committing theft'" means conduct that occurs in an attempt to commit, during the commission, or in

2

immediate flight after the attempt or commission of theft." *Id.* § 29.01(1). As a general rule, a theft occurring immediately after an assault will support an inference that the assault was intended to facilitate the theft. *Sorrells v. State*, 343 S.W.3d 152, 157 (Tex. Crim. App. 2011).

## II. Evidence and Analysis

The complainant testified that he saw appellant stand in the driveway of a neighboring house for three or four minutes and then move to the rear of the house. The complainant walked through his garage to a rear patio where he saw appellant standing at the back door of the neighboring house. The complainant told appellant, "What are y'all doing back there? Their house is vacant. Go on and get out of that yard. I'm going to call the police." Appellant suddenly jumped over a four-foot fence, charged at the complainant, and jumped on top of him. Appellant used his fists to beat the complainant. The complainant testified that his wallet was missing after the assault:

Q. [W]here do you keep your wallet?
A. In my right-back pocket.
Q. You always keep your wallet in your right-back pocket?
A. Everyday.
Q. Even if you're just at home?
A. No matter where I am, I keep it with me everyday.
Q. Was your wallet missing after you were assaulted?
A. Yes.

Appellant contends on appeal that it would be speculation, i.e., not a reasonable inference, that he stole the complainant's wallet during or immediately after the assault. Appellant points to the lack of any evidence that he made a

3

statement to the complainant indicating an intent to commit a theft, or direct evidence that appellant possessed the wallet or its contents.[1]

We disagree with appellant. According to the complainant, appellant was acting suspicious by loitering near a vacant house. Appellant assaulted the complainant while the two were isolated on the complainant's back porch, and the complainant's wallet was missing after the assault. Based on this evidence, a jury could reasonably infer that appellant stole the wallet during or immediately after the assault, which supports the ultimate fact that appellant committed the assault in the course of committing a theft.

At least two other Texas courts have reached the same conclusion in cases with similar facts—an assault followed by the complainant's discovery that their personal property was missing. *See Razor v. State*, No. 03-13-00568-CR, 2015 WL 3857293, at *3 (Tex. App.—Austin June 17, 2015, no pet.) (mem. op., not designated for publication) (upholding robbery conviction when the complainant was knocked unconscious and her personal property was missing after the assault, noting that no one other than the defendant was in the alley at the time of the assault); *Abdullah v. State*, No. 06-13-00257-CR, 2014 WL 6450482, at *2–3 (Tex. App.—Texarkana Nov. 18, 2014, pet. ref'd) (mem. op., not designated for publication) (upholding robbery conviction when the complainant's wallet had

---

[1] Appellant does not point to an alternative suspect for the theft, but the concurrence indicates that the complainant "testified that just prior to the assault, appellant had somebody else with him." We do not share this view of the testimony. When asked whether the assailant was "alone or with somebody," the complainant testified, "First time, he was alone; but the last time, he had somebody else with him." Although the complainant's testimony is sometimes contradictory, he had testified previously that he had seen the assailant again "[a]fter he assaulted me," while the complainant was "blowing my driveway off." When testifying about the events of the assault, the complainant never mentioned that another person was with the assailant. Viewing the complainant's testimony in the light most favorable to the verdict, the jury could have found that somebody else was with appellant on an unspecified day *after* the assault when the complainant was "blowing [his] driveway off," and appellant was alone during the assault— the "first time" the complainant saw appellant.

been in her car and was missing after an assault, although there was no evidence that the defendant demanded money from the complainant and no physical evidence linking the defendant to the missing wallet).[2] Courts in some other states have reached similar conclusions. *See State v. Brown*, 9 A.3d 1232, 1237–38 (R.I. 2010) (sufficient evidence of robbery when the victim's jewelry was missing after the assault and there was no one else in the immediate vicinity of the victim); *see also, e.g., State v. Trask*, 223 A.2d 823, 826 (Me. 1966) (observing the "rule espoused by some authorities that the commission of robbery may be established beyond a reasonable doubt by proof that the victim had certain property of value on his person at the time of an assault rendering him unconscious and that said property was missing when he regained consciousness").

In sum, evidence of an assault combined with the discovery that property from the complainant's person went missing, especially with no evidence indicating another reason for the disappearance of the property, supports a reasonable inference that the accused committed the assault in the course of committing a theft.[3]

---

[2] Although these opinions are unpublished, we find their reasoning persuasive, and we cite them for illustrative and comparative purposes rather than for precedential value. *See Roberson v. State*, 420 S.W.3d 832, 837 (Tex. Crim. App. 2013).

[3] Appellant does not directly challenge his identity as the person who assaulted the complainant, but we note that he contends in his statement of facts that the complainant did not identify appellant as the perpetrator of a crime. The record reflects that the complainant identified appellant as the perpetrator in a photo spread five days after the robbery. The jury was able to credit this evidence despite the lack of an in-court identification by the complainant. *See Oliver v. State*, 613 S.W.2d 270, 274 (Tex. Crim. App. 1979) (op. on reh'g) (sufficient evidence despite lack of in-court identification when the witness identified the defendant before trial); *Navajar v. State*, 496 S.W.2d 61, 63–64 (Tex. Crim. App. 1973) (sufficient evidence despite "hesitant and tentative" in-court identification because the defendant was identified by photograph ten days after the robbery), *overruled on other grounds by Rutledge v. State*, 749 S.W.2d 50, 53 (Tex. Crim. App. 1988).

## III. Conclusion

Appellant's sole issue is overruled.  The trial court's judgment is affirmed.

/s/    Ken Wise
Justice

Panel consists of Justices Wise, Zimmerer, and Poissant.  (Poissant, J., concurring).

Publish — Tex. R. App. P. 47.2(b)