## ALEXANDER MELVILLE DORAN V. STATE

No. 28,216. April 18, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) May 30, 1956.

*Charles W. Tessmer,* Dallas, for appellant, on appeal only.

*Henry Wade,* Criminal District Attorney, *George P. Blackburn, A. D. Bowie, John Burns,* Assistants Criminal District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

This is a conviction for possessing marijuana, with punishment assessed at seven years in the penitentiary.

Police officers Hearn and Courson, of the city of Dallas, saw appellant drive his automobile, about three o'clock a.m., through a flashing red light. They pursued and stopped him for that violation. Appellant got out of his automobile and walked toward the officers. Officer Hearn asked for his "driver's" license. Thereupon, appellant walked back to and got in his car.

Approaching appellant's car from the right side, Officer Courson saw him make "a quick motion with his hand down on the seat." When appellant removed his hand, the officer saw two small bottles and some cigarette papers on the seat of the car. Upon Courson's order, appellant got out of the car.

Appellant's person and also his automobile were searched. It is sufficient to say that the two bottles found on the seat of

the car contained marijuana and that the search of appellant's person and other parts of the car revealed marijuana.

To all of the testimony touching the finding of the marijuana, appellant objected as being illegally obtained by reason of an unlawful and invalid arrest and search. It is appellant's contention that when the officers stopped him for the traffic violation their authority extended only to the summons in accordance with such violations and that they had no authority to place him under general arrest. In other words, it is appellant's contention that the officers' right to stop and arrest him was a limited arrest and in no event did it carry the right conferred upon a peace officer in effecting a general arrest.

It is not deemed necessary to evaluate appellant's contention, for we have reached the conclusion that his arrest was authorized under Art. 212, C.C.P., because he committed a felony in the officers' presence.

Attention is called to the fact that appellant's acts and conduct brought about his arrest after he had been stopped by the officers. No search of the automobile was necessary for the officers to find the two bottles and cigarette papers on the seat of the car; they were in plain view when uncovered by appellant's hand.

It cannot be said, therefore, that those bottles and cigarette papers were obtained by the officers as a result of a search of the automobile. Upon the officers obtaining the bottles and finding marijuana therein, appellant, in their presence, had committed a felony—that is, possessed marijuana.

All these facts appear to have been known by the officers before the search of appellant's person and car.

The conclusion is expressed that the arrest of appellant was authorized under Art. 212, C.C.P. In keeping with such conclusion, see: Nuben v. State, 113 Tex. Cr. R. 597, 21 S.W. 2d 1061; Moore v. State, 107 Tex. Cr. R. 24, 294 S.W. 2d 550; Clark v. State, 117 Tex. Cr. R. 153, 35 S.W. 2d 420; Wooten v. State, 111 Tex. Cr. R. 226, 13 S.W. 2d 87.

Appellant's arrest being authorized, the search of his person and his automobile was authorized under the circumstances.

No reversible error appearing, the judgment is affirmed.