## JERRY ROSS PLATT V. STATE

No. 32,590. December 7, 1960

Motion for Rehearing Overruled January 25, 1961

*Clyde W. Woody*, Houston 2, for appellant.

*Dan Walton*, District Attorney, *Samuel H. Robertson, Jr., Jon N. Hughes*, Assistants District Attorney, Houston, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge

The offense is the unlawful possession of morphine, a narcotic drug; the punishment, 3 years.

Police Officer G. S. McMenemy and two other officers went to the Blue Top Courts in Houston and, accompanied by the manager, walked to Cabin 23. In the jury's absence it was shown that the officer had received information from a credible person that people in Cabin 23 would be using narcotics and that while enroute they received a call in regard to a disturbance at the same location.

As Officer McMenemy walked to the front screen door of the cabin, the bathroom door was open. He looked through the screen door into the cabin and saw appellant sitting in a chair in the bathroom clothed in his shorts. Appellant had a tourniquet on the upper part of his leg and had a needle in his leg with a rubber syringe attached to it. He was pumping or moving the syringe and bulb.

As the officer entered the cabin, appellant flushed the paraphernalia down the commode and threw the tourniquet into the shower.

Appellant then put on his pants, in a pocket of which a bottle containing a liquid was found. Another bottle containing some liquid was found on the dresser, and a spoon, a sauce pan, two cans of canned heat, several syringe type needles and syringes were found in the cabin, which the officer testified were narcotic paraphernalia.

Analysis of the contents of the bottles by the witness Robert F. Crawford, Chemist and Toxicologist for the City of Houston Police Department, showed that the liquid in both contained morphine.

**The bottles which contained morphine and the items which** the evidence shows were narcotic paraphernalia were introduced in evidence.

Appellant did not testify and offered no witnesses.

**We overrule the contention that the evidence relating to the** search and the fruits thereof were obtained as a result of an illegal search.

The officers approached the cabin in company of the manager of the courts. Officer McMenemy saw appellant committing a felony in his presence before he entered the cabin. The search was lawful as incident to appellant's lawful arrest. Doran v. State, 163 Tex. Cr. R. 212, 290 S.W. 2d 510.

The search was also made upon probable cause. It was lawful for that reason also, unless it was a search of appellant's private dwelling. Two other persons were in the cabin, a man and a woman. The record is silent as to whose dwelling Cabin 23 was at the time.

Appellant contends that the morphine was found in an exempt drug, to wit, paregoric.

The bottles in which the liquid containing morphine was found were paregoric bottles. The chemist testified that paregoric has a definite amount of morphine in it, but "The concentration of morphine in a given amount of liquid in that bottle wasn't the concentration that would be found in a solution of paregoric."

He also testifed:

"Q. The amount of solution you tested, the amount of morphine you tested was greater than that found in paregoric, is that correct? A. In one bottle it was, and in the other bottle it was less.

Q. Would that indicate to you that was paregoric that had been tampered with? A. It indicates to me that the solution I tested was definitely not paregoric.

Q. It was some other solution? A. Yes Sir, a solution containing morphine."

If we understand appellant's further contention in this regard it is that the possession of an amount of morphine not exceeding that contained in an ounce of paregoric, which may be lawfully purchased and possessed, is not unlawful and that morphine obtained by applying heat to paregoric lawfully possessed is not unlawful. If such be the contentions they are overruled.

The evidence sustains the jury's verdict and no reversible error appears.

The judgment is affirmed.