Nicolas M. LOPEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 44417.

Court of Criminal Appeals of Texas.

Dec. 21, 1971.

Warren Weir, San Antonio, for appellant.

Ted Butler, Dist. Atty., Lucien B. Campbell, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the possession of narcotics paraphernalia as denounced by Article 725b, Section 2A, Vernon's Ann.P.C. After the verdict of guilty, the court assessed the punishment at twelve years.

The appellant contends that the prosecutor improperly proved an extraneous offense before the jury and that the punishment assessed was cruel and unusual.

Officer Jose Losoya testified that while patrolling he saw the appellant riding as a passenger in an automobile. After the automobile stopped, Officer Losoya, who knew the appellant, stopped alongside and engaged him in conversation. Appellant appeared to be nervous and Losoya got out of his patrol car and approached him. The appellant then popped a capsule into his mouth and swallowed it. At the same time he threw a sack onto the floor. When it hit, Losoya saw a hypodermic needle, a bottle cap and an eyedropper fall out onto the floor.

The appellant took the stand and gave quite a different version. He testified that

he did not put anything in his mouth and did not have the sack in his hand. The jury chose to believe the officer.

The first complaint is that reversible error was committed when the appellant was testifying on cross-examination. He had previously testified that he had used narcotics and in 1969 had gone to a hospital in Fort Worth and been cured. Before he went to the hospital he was stealing to support his habit of 12 or 13 capsules of heroin daily at a cost of $3.00 each. He testified that he had been out of the hospital nine days before the day in question. He also testified that he had been convicted for other crimes and that he was guilty of those offenses but not this one. One of the convictions was for "fighting a boy" and that he was released from the Federal Correctional Institution at El Reno, Oklahoma in December of 1967.

In answer to a question by the prosecutor, he testified he had been back to the Federal Hospital for addiction to heroin only twice. Then the record shows the following occurred:

"Q. (By the prosecutor) Isn't it a fact that the only reason you went back to the hospital is because you had a felony case pending against you for burglary of a private residence at nighttime?"

Appellant's counsel objected that such was not a conviction and there was no indictment. The court instructed the jury not to consider the question for any purpose. Assuming that the question was improper, absent a motion for mistrial after the court instructed the jury not to consider the question, the matter is not properly before us for review. See Swartz v. State, 473 S.W.2d 206; Sprinkle v. State, Tex.Cr. App., 452 S.W.2d 456.

The first complaint is overruled.

The contention that the punishment assessed is cruel and unusual is overruled. The punishment is within the range provided for in Article 725b, supra, and does not violate the Eighth Amendment of the Constitution of the United States. See Miller v. State, Tex.Cr.App., 458 S.W.2d 680.

The judgment is affirmed.