**Charles B. STUBBLEFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44683.**

Court of Criminal Appeals of Texas.

March 15, 1972.

Ronald H. Jacobe, Wm. M. Holland, Houston (both on appeal by appointment), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ronald G. Woods, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction for the possession of heroin. After the jury had returned a verdict of guilty, the court assessed the punishment at twelve years.

At the outset, appellant contends that the evidence was insufficient to support the conviction.

The record reflects that on May 12, 1970, Officers Landrum and Stringfellow, of the Houston Police Department, observed appellant standing on the porch of a house on Oats Street, in Houston, occupied by a known narcotics user by the name of Margaret Ray. The officers testified that just prior to going to said address, they had received information that appellant would be trying to sell heroin bundles [1] at this location and that he wouldn't be there but a short while. When the officers approached, appellant ran into the house. According to the officers, appellant's hand hit the facing of the door as he entered the house and he dropped three "papers" to the floor. Officer Stringfellow picked up the papers and testified, from his seventeen years' experience as a narcotics officer, he recognized the "papers" as a common way for packaging heroin. The officers followed appellant into the house, where they saw him throw several bundles into the commode. One of the bundles hit the side of the commode, fell to the floor and was retrieved by the officers. This bundle was found to contain eight "papers". A Marquis Reagent test was run on one of the "papers" at the scene and it revealed the contents to be a narcotic. Toxicologist Wood, of the Houston Police Department, testified that the substance in the eleven "papers" recovered by the officers contained heroin. Appellant did not testify and offered no witnesses in his behalf.

We find the evidence sufficient to support the conviction.

Appellant contends that the evidence, which led to appellant's conviction, was secured through an illegal arrest, search and seizure.

While appellant does not specify what evidence he is complaining about, and in this respect does not comply with the requirements of Art. 40.09, Sec. 9, Vernon's Ann.C.C.P., we note that when the exhibits found to contain heroin were offered into

1. There is testimony that a bundle contains eight papers of heroin.

evidence, appellant's trial counsel stated, "No objection, Your Honor." The first time any objection was made to the search and seizure came in appellant's motion for directed verdict after the State had rested its case. Having failed to object in the trial court when the evidence was offered, no error is presented for appellate review. Parsley v. State, Tex.Cr.App., 453 S.W.2d 475; Garcia v. State, Tex.Cr.App., 440 S.W.2d 295.

The judgment is affirmed.

Opinion approved by the Court.