**Caleb Jefferson ALBRO, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46426.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Malcolm Dade (Court appointed), Dallas, for appellant.

Henry Wade, Dist. Atty., Mike McCollum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for possession of marihuana; the punishment, one hundred years' imprisonment.

The first ground of error urges that "all evidence seized as a result of the search of the premises should have been suppressed since the search was conducted in violation of the Fourth Amendment."

■ We find this ground of error to be without merit for several reasons. First, the objection to the use of the evidence which allegedly was illegally obtained and the testimony of the officers concerning obtaining such evidence was not timely. No objection was made on the ground now urged until both the State and the appellant had rested and closed. In order to preserve error it is necessary to make a timely objection. Finklea v. State, 481 S. W.2d 889 (Tex.Cr.App.1972); Norman v. State, 480 S.W.2d 659 (Tex.Cr.App.1972); Stubblefield v. State, 477 S.W.2d 566 (Tex.Cr.App.1972); Palmer v. State, 475 S.W.2d 797 (Tex.Cr.App.1972) and Slaughter v. State, 439 S.W.2d 836 (Tex. Cr.App.1969).

■ Further, a transcript of Officer Akridge's testimony, given before the Grand Jury, was offered in evidence on behalf of the appellant and was read to the jury by defense counsel. This evidence was to the effect that Officer Landers had received information from an informant concerning complaints of the smoking of marihuana at a certain apartment address. The officers went to the large apartment complex on September 14, 1971, at about 1:50 p. m. As they approached the apartment to which their attention had been directed they observed that the front door was open. Directly in front of the door on a little end table they observed "a small baggie which contained marihuana and a blood-soaked Kleenex and a couple of needles and syringes." They entered the apartment upon seeing the marihuana and the narcotic paraphernalia. They found "acid" (LSD) and "marihuana" in the apartment. Where certain evidence offered by the appellant is admitted, he may not later complain when evidence of the same nature is offered by the State and admitted. Palmer v. State, supra; Norman v. State, supra; Slaughter v. State, supra.

■ Finally, from the evidence appellant presented it appears that the marihuana was lawfully obtained. There is nothing to show that the officers had unlawfully intruded into a constitutionally protected area when they observed the marihuana in open view. Under such circumstances they had the right to enter the open door and to continue to investigate. Additional marihuana was also found in open view after officers had entered the apartment. It, too, was lawfully obtained. Palmer v. State, supra; Gil v. State, 394 S.W.2d 810 (Tex.Cr.App.1965); Capuchino v. State, 389 S.W.2d 296 (Tex. Cr.App.1965); Giacona v. State, 372 S.W. 2d 348 (Tex.Cr.App.1962), cert. den., 375 U.S. 843, 84 S.Ct. 92, 11 L.Ed.2d 70; Platt v. State, 170 Tex.Cr.R. 483, 341 S.W.2d 930 (1960).

The appellant's principal contention is that a one hundred year sentence imposed for the possession of marihuana in this case is disproportionate to the offense committed and thus constitutes a cruel and unusual punishment prohibited by the Eighth Amendment to the Constitution of the United States and a cruel or unusual punishment prohibited by Article I, Section 13 of the Constitution of this State, Vernon's Ann.St.[1]

■ We have often held and remain convinced that the period of imprisonment assessed by a court or jury for possession

---

1. While the record does not show the exact amount of marihuana recovered, it appears to be not more than was contained in three or four baggies.

 

of marihuana, if within the permissible range provided by statute, is neither cruel and unusual under the Constitution of the United States nor cruel or unusual under the State Constitution. See Angle v. State, 501 S.W.2d 99 (Tex.Cr.App.1973); Worley v. State, 485 S.W.2d 789 (Tex.Cr. App.1972); Samuel v. State, 477 S.W.2d 611 (Tex.Cr.App.1972); Lopez v. State, 474 S.W.2d 196 (Tex.Cr.App.1971); Cook v. State, 467 S.W.2d 421 (Tex.Cr.App. 1971); Broom v. State, 463 S.W.2d 220 (Tex.Cr.App.1971), cert. den., 402 U.S. 933, 91 S.Ct. 1523, 28 L.Ed.2d 868; Garcia v. State, 166 Tex.Cr.R. 482, 316 S.W.2d 734 (1958).

The conviction is affirmed.

Opinion approved by the Court.