**Donald Ray WADE, A/K/A George Stanton, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–81–122–CR.**

Court of Appeals of Texas, Waco.

Dec. 31, 1981.

E. Neil Lane, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Ray Elvin Speece, Tana Daughtrey, Asst. Dist. Attys., Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

Appellant appeals from a conviction for possession of more than four ounces of marihuana, enhanced by two prior felony convictions for which he was sentenced to life imprisonment in the Texas Department of Corrections.

On July 28, 1978 five police officers went to the apartment where appellant lived to execute an arrest warrant for appellant. They obtained a passkey from the apartment manager. Three officers approached the front door of the apartment and two positioned themselves at the rear doors. The officers at the front door identified themselves, heard movements inside and opened the door with the passkey. They immediately saw appellant standing at the railing of the second floor. They told him to remain still and went up the stairs. Two of the officers handcuffed appellant; and then noticed plastic containers on top of a shoe box on the night stand next to the railing with marihuana in them. One of the officers looked inside the shoe box and found more marihuana. He then searched the closets and drawers. When the officers brought appellant downstairs two women

were found in the house. One of the officers went in the kitchen to open a back door so another officer could enter the house. He saw in plain view on the kitchen sink drain a partial brick of marihuana.

Ground of error 1 asserts appellant entitled to a new trial because he was not provided with a transcript of the punishment hearing before the jury.

The record is undisputed the punishment phase transcript is unavailable because appellant took the reporter's notes from her desk in the courtroom and destroyed them in a holdover cell in the county jail.

■■ An appellant is required to exercise due diligence to secure a transcript of the court reporter's notes for inclusion in the record, regardless of his indigency. *Castillo v. State*, Tex.Cr.App., 571 S.W.2d 6. Moreover where the transcript is unavailable due to fault of appellant, he is not entitled to a new trial. *Weeks v. State*, Tex.Cr.App., 521 S.W.2d 858, 862.

■ Ground of error 2 asserts the trial court abused its discretion in overruling appellant's motion to suppress evidence obtained by unlawful search and seizure.

The officers entered appellant's apartment with a warrant to arrest appellant. While they were there they saw marihuana seeds in plain view as they were handcuffing appellant. It was immediately apparent to them that what they saw was contraband; they did not begin a general exploratory search from one object to another until they perceived the presence of two other persons in the apartment, at which time they were justified in making a cursory search through the rest of the apartment to determine if anyone else was there who might try to harm them. *Jones v. State*, Tex.Cr.App., 565 S.W.2d 934. While letting another officer in the apartment through the kitchen they found marihuana in plain view on the kitchen sink drain. The seizure of this marihuana did not exceed the proper scope of a search incident to an arrest. *Ochs v. State*, Tex.Cr.App., 543 S.W.2d 355, 359; certiorari denied 429 U.S. 1062, 97 S.Ct. 786, 50 L.Ed.2d 778; *Albro v. State*, Tex.Cr.App., 502 S.W.2d 715, 716.

Only that evidence which was found in plain view was introduced at trial.

■ Ground of error 3 asserts the trial court erred in failing to declare a mistrial when the prosecution in final argument characterized appellant as a pimp. The rule regarding jury argument is that it should fall into one of four areas: summation of evidence, reasonable deductions from the evidence, answer to argument of opposing counsel, or a plea for law enforcement. *McClory v. State*, Tex.Cr.App., 510 S.W.2d 932.

■ There is evidence that Joyce, one of the women who lived in appellant's apartment with him, had been convicted for prostitution on a number of occasions; and she admitted to having been a common prostitute. We think the argument a reasonable deduction from the evidence. In any event the argument, if improper, was rendered harmless by the trial court's prompt instruction to disregard the remarks of the prosecutor. *DeBolt v. State*, Tex.Cr.App., 604 S.W.2d 164; *Gholson v. State*, Tex.Cr.App., 542 S.W.2d 395.

After appellant objected, the trial court gave the instruction to disregard. Appellant did not move for a mistrial.

Appellant received all the relief he requested, and no error is shown. *Cazares v. State*, Tex.Cr.App., 488 S.W.2d 110; *Gleffe v. State*, Tex.Cr.App., 509 S.W.2d 323.

All appellant's points are overruled.

AFFIRMED.