11th Court of Appeals









11th Court of Appeals

Eastland, Texas

Opinion

 

Jeffrey
Tyrone Crawford

Appellant

Vs.                   No. 11-03-00056-CR B
Appeal from Dallas County

State
of Texas

Appellee

 

The jury found Jeffrey Tyrone Crawford guilty of
delivering less than one ounce of cocaine; and, after appellant pleaded true to
the enhancement paragraph in the indictment, the jury assessed appellant=s punishment at confinement for ten
years.  Appellant appeals.  We affirm.

Appellant contends in his first point of error
that he was denied effective assistance of counsel in the trial court in
violation of U.S. CONST. amend. VI and TEX. CONST. art. I, ' 10.

Appellant had the burden to demonstrate (1) that
his trial counsel=s
performance fell below an objective standard of reasonableness and (2) that
there is a reasonable probability that, but for counsel=s
deficient performance, the result of the proceeding would have been different.  Strickland v. Washington, 466 U.S. 668
(1984); Hernandez v. State, 988 S.W.2d 770 (Tex.Cr.App.1999).  The right to counsel does not guarantee
errorless counsel or counsel whose competency is judged by hindsight.  Stafford v. State, 813 S.W.2d 503
(Tex.Cr.App.1991).  A defendant=s failure to satisfy one prong of the Strickland
test negates a court=s
need to consider the other prong.  Garcia
v. State, 57 S.W.3d 436 (Tex.Cr.App.2001).

Appellant urges that trial counsel=s performance fell below an objective
standard of reasonableness on three occasions when trial counsel objected to
comments by the prosecutor and the objections were sustained by the trial
court, but then failed to request the court to instruct the jury to disregard
and failed to move for a mistrial.  








During the prosecutor=s
argument  on guilt/innocence, the
prosecutor informed the jury that, in the next phase of the trial, the jury
would consider punishment.  Appellant=s objection was sustained, and the
prosecutor did not return to the subject. 
We hold that appellant was not harmed by the brief mention of the
penalty phase of the trial.  The record
shows that the prosecutor was making a proper plea for law enforcement.  

Appellant next complains of two instances when the
prosecutor referred to appellant as a Apimp.@ 
The first instance was when the prosecutor was introducing appellant=s prior criminal record.  The record reflects:

[PROSECUTOR]: 
April 14th, 1998 he committed the crime of misdemeanor promotion of
prostitution.  The crime for that, of
course, is pimping - -.

 

[DEFENSE COUNSEL]: Your Honor, we would object to
this comment.

 

THE COURT:   
All right.  Sustained.

 

In the prosecutor=s
closing argument at the penalty phase, the record reflects:

 

[PROSECUTOR]: 
We talked a lot about his rights, but in the punishment phase it=s time to consider the needs of the
community.  What I know from his record
is that he was a pimp and that there was victims like the 14- to 16-year-old
prostitute you heard about.  I think it=s a reasonable deduction from the
evidence B

 

[DEFENSE COUNSEL]: Your Honor, I=m going to object.  That=s
totally outside the evidence.

 

THE COURT: Sustain.

 

[PROSECUTOR]: We=ve
got a pimp who breaks into people=s
cars, who violates the rights of other people. 
We know that he=s
dealt drugs before in the past, because he=s
already gone to the state jail for it. 
He=s already
been down for nine years and he=s
still doing the same things.

 








The record showed that appellant had previously
been convicted of promotion of prostitution. 
APimp@ is defined in BLACK=S LAW DICTIONARY 1148 (rev. 6th ed.
1990) as:  AOne
who obtains customers (>tricks=) for a whore or prostitute.@ 
The record showed that, at the time of the sale of cocaine to the
undercover officers, appellant was with a young girl who was working as a
prostitute.  One of the officers
testified that the Avery
young@ girl who
was with appellant and who was working as a prostitute was Apossibly about 16 years old.@ 
The prosecutor=s
referral to appellant as a pimp was a reasonable deduction from the
evidence.  See Wade v. State, 627
S.W.2d 777 (Tex.App. - Waco 1981, no pet=n).  

It is not ineffective assistance when an attorney
does not preserve those Aerrors@ which are not reversible errors.  Matthews v. State, 960 S.W.2d 750
(Tex.App. - Tyler 1997, no pet=n).  Moreover, even if appellant=s trial counsel=s
representation was deficient, appellant has failed to demonstrate that, but for
counsel=s
deficient performance, there is a reasonable probability that the result of the
proceeding would have been different. 
The record showed that appellant delivered the cocaine to the undercover
officers.  Appellant had previously been
convicted of 5 felonies, including 3 controlled substance felonies, and had
spent 9 of the past 12 years in prison. 
Appellant=s first
point of error is overruled.

In his final point, appellant argues that his
10-year sentence was grossly disproportionate to the offense, resulting in
cruel and unusual punishment, in violation of U.S. CONST. amend. VIII;  TEX. CONST. art. I, '
13; and TEX. CODE CRIM. PRO. ANN. art. 1.09 (Vernon 1977).

We note that appellant has not separately urged
his state and federal constitutional claims. 
See Moore v. State, 54 S.W.3d 529, 541 (Tex.App. - Fort Worth
2001, pet=n ref=d). 
This court in Bradfield v. State, 42 S.W.3d 350, 353 (Tex.App. -
Eastland 2001, pet=n ref=d), stated:

The Eighth Amendment prohibits punishments that
are Agrossly
disproportionate@ to the
offense for which the defendant has been convicted.  Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct.
2680, 115 L.Ed.2d 836 (1991); McGruder v. Puckett, 954 F.2d 313 (5th Cir.),
cert. den=d, 506
U.S. 849, 113 S.Ct. 146, 121 L.Ed.2d 98 (1992); Hicks v. State, 15 S.W.3d 626
(Tex.App. B Houston
[14th Dist.] 2000, pet=n
ref=d); Hernandez v. State, 10 S.W.3d 812
(Tex.App. B Beaumont
2000, pet=n filed);
Dunn v. State, 997 S.W.2d 885 (Tex.App. B
Waco 1999, pet=n ref=d); Jackson v. State, 989 S.W.2d 842
(Tex.App. B
Texarkana 1999, no pet=n).  The reviewing court must first compare the
gravity of the offense with the severity of the sentence.  Harmelin v. Michigan, supra; McGruder v.
Puckett, supra;  Hicks v. State, supra;
Hernandez v. State, supra; Dunn v. State, supra; Jackson v. State, supra.

 








In this case, appellant=s
10-year sentence was proportionate to the offense.  Appellant was convicted of delivery of
cocaine, a state jail felony enhanced to a third degree felony by his prior
criminal record.  TEX. HEALTH &
SAFETY CODE ANN. '
481.112(b) (Vernon 2003); TEX. PENAL CODE ANN. '
12.35(c)(2)(A) (Vernon 2003).  The
punishment for a third degree felony is confinement for 2 to 10 years and an
optional fine of $10,000.  TEX. PENAL
CODE ANN. ' 12.34
(Vernon 2003).  Appellant=s sentence was within the range of
punishment established by the legislature. 
Appellant had previously been convicted of five felonies.  Appellant=s
criminal record included several misdemeanors and revocations of
probation.  At the time of the sale,
appellant was with a young prostitute. 
We consider appellant=s
prior criminal history.  Culton v.
State, 95 S.W.3d 401 (Tex.App. - Houston [1st Dist.] 2002, pet=n ref=d).  We hold that appellant=s
sentence was not grossly disproportionate to the offense; therefore, we need
not consider the other factors discussed in Solem v. Helm, 463 U.S. 277
(1983).  See McGruder v. Puckett, 954
F.2d 313 (5th Cir.), cert. den=d,
506 U.S. 849 (1992);  Culton v. State,
supra; Moore v. State, supra; Bradfield v. State, supra.

We further note that, even if appellant had
demonstrated that his sentence was too severe, he failed to provide this court
with proper comparison evidence detailing sentences imposed on other defendants
in Texas or other jurisdictions. 
Jackson v. State, 989 S.W.2d 842 (Tex.App. - Texarkana 1999, no pet=n). 
Appellant=s second
point of error is overruled.  

The judgment of the trial court is affirmed.

 

AUSTIN McCLOUD

SENIOR JUSTICE

February 12, 2004

Do not publish.  See TEX.R.APP.P.
47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland sitting by assignment.