**Affirmed and Memorandum Opinion filed June 29, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00682-CR

**DARRYL WAYNE GRIFFIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court
Harris County, Texas
Trial Court Cause No. 1635186**

## MEMORANDUM OPINION

A jury found appellant guilty of aggravated robbery and assessed punishment at thirty-six years' confinement. In two issues, appellant contends that the evidence is legally insufficient and that his Sixth Amendment right to confront the complainant was violated. We affirm.

# I. SUFFICIENCY OF THE EVIDENCE

We first address appellant's second issue challenging the sufficiency of the evidence to support his conviction. *See, e.g.*, *Price v. State*, 502 S.W.3d 278, 281 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Appellant concedes that he stole the complainant's bag, but he contends that the evidence is insufficient to prove beyond a reasonable doubt that he caused bodily injury. Referring to a surveillance video of the robbery, he contends that there is insufficient evidence that he made any contact with the complainant or caused her to fall when he grabbed the bag.

## A. Legal Principles

When reviewing the sufficiency of the evidence, we consider all of the admitted evidence in the light most favorable to the verdict to determine whether a rational jury could find the essential elements of the offense beyond a reasonable doubt. *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020). The jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Id.* Juries can draw any reasonable inference from the facts so long as each inference is supported by the evidence. *Id.* To sustain a conviction for aggravated robbery, as pleaded in this case, the State had to prove that appellant, among other things, recklessly caused bodily injury to the elderly complainant. *See* Tex. Penal Code § 29.03(a)(3)(A).

A defendant's conduct must be a direct cause of the harm suffered although it need not be the only cause; it may be a concurrent cause. *Williams v. State*, 235 S.W.3d 742, 755 (Tex. Crim. App. 2007); *see* Tex. Penal Code § 6.04(a) ("A person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the

2

actor clearly insufficient."). A defendant is criminally responsible if his acts cause a result that is within the scope of the risk for which the defendant was aware. *See Williams*, 235 S.W.3d at 764 (for offense requiring recklessly causing serious bodily injury). That is, causation may be proven even if there is an intervening cause so long as the intervening cause is reasonably foreseeable. *See id.* at 764–65.

## B.    The Evidence

The complainant was a ninety-two-year-old woman who walked with a cane. The complainant's caregiver testified that they went to the complainant's bank. The complainant carried a shopping bag instead of a regular purse. While the caregiver was walking with the complainant to their car, appellant approached them and asked for change. He then grabbed the complainant's bag. The caregiver testified, "He kept yanking and yanking and yanking. And the last shake that he did, it broke her hip." The caregiver testified that after appellant grabbed the bag, the complainant "falls to the ground, and he takes off running." The caregiver testified that she did not have any physical contact with the complainant.

A witness near the bank saw an elderly lady and her caregiver exit the bank, and appellant "snatched the lady's purse." The witness chased appellant but could not catch him. When the witness returned to the bank, the complainant "was still laying there." He testified, "She was hurt."

A nurse testified that she saw the complainant in the hospital. The complainant had a broken hip that required surgery. The trial court admitted into evidence the complainant's hospital records, which include statements such as:

> The patient is a 92 y.o. female who presents with right hip pain after she was assaulted on the morning of 03/06/2017. She states that an assailant ran up from behind, pushed her to the ground and stole her purse, then ran away. She felt immediate right hip pain and the inability to bear weight.

3

The trial court admitted into evidence Exhibit 19, a video of appellant's interrogation. Appellant confessed to snatching the complainant's purse but denied that the complainant fell to the ground. The court admitted Exhibit 1, a surveillance video from the bank. The video shows appellant follow the caregiver and complainant to their car. In this screenshot, appellant is in the background, the caregiver is on the left, and the complainant is on the right as they approach the passenger side of their car:



Appellant approaches the women as they stand between two parked cars, and he lunges forward and downward at the complainant. The complainant falls to the ground within one second of appellant snatching the bag. Here are eight consecutive frames from the video (left to right), comprising two seconds of the video:

 

4



### C.    Analysis

Appellant contends that there is no evidence he "caused" an injury to the complainant because the "video in this case clearly demonstrates that Appellant did not cause the victim to fall." Appellant does not dispute that the complainant suffered a bodily injury. Appellant notes that his counsel at trial argued that the caregiver bumped into the complainant and caused her to fall.

The video, however, does not disprove the caregiver's testimony and hospital records, which indicate that appellant caused the complainant to fall when

5

he grabbed her bag. *See Castilla v. State*, 374 S.W.3d 537, 540 (Tex. App.—San Antonio 2012, pet. ref'd) (holding that video, which was of poor quality, did not render evidence legally insufficient because the video did not conclusively disprove the eyewitness's testimony); *see also Cancino v. State*, No. 13-17-00417-CR, 2019 WL 2049208, at *7–9 (Tex. App.—Corpus Christi May 9, 2019, no pet.) (mem. op.) (holding that evidence was legally sufficient to reject self-defense claim because the video was inconclusive and did not directly contradict the testimony upon which the jury based is verdict); *Thompson v. State*, No. 05-13-01620-CR, 2014 WL 6736922, at *3 (Tex. App.—Dallas Dec. 1, 2014, pet. ref'd) (mem. op.) (holding that evidence was legally sufficient despite video not showing the assault because the video was not conclusive support for either the officers' or defendant's version of events; "therefore the trial court was required to make its finding of guilt or innocence based on the credibility of the witnesses"); *cf. Miller v. State*, 393 S.W.3d 255, 263 (Tex. Crim. App. 2012) (appellate courts defer to a trial court's findings of fact unless there is conclusive evidence contradicting the testimony upon which the trial court relied, such as a video that presents "indisputable visual evidence").

In addition to the caregiver's testimony and hospital records providing direct evidence of causation, the jury could have rationally inferred that appellant's "yanking" the bag from the arms of an elderly woman, who walked with a cane, caused her to fall. Indeed, the video shows the complainant fall within a second of appellant grabbing the bag. The video does not indisputably show the caregiver bump into the complainant. But even if the caregiver bumped into the complainant during the theft, this intervening cause would be reasonably foreseeable when snatching a bag from an elderly woman in a confined space, and the complainant's falling to the ground is a result that is within the scope of the risk for which

6

appellant would be aware. *See Williams*, 235 S.W.3d at 764–65; *see also* Tex. Penal Code § 6.04(a).

Considering all of the admitted evidence in the light most favorable to the verdict, a rational jury could have found beyond a reasonable doubt that appellant caused bodily injury to the complainant. Appellant's second issue is overruled.

## II.    CONFRONTATION CLAUSE

In his first issue, appellant contends that his Sixth Amendment right to confrontation was violated because the State did not produce the complainant at trial. Appellant refers to the complainant's out-of-court statements, contained in the medical records, that she was assaulted and pushed. He contends that the medical records were testimonial in nature.

The Confrontation Clause of the Sixth Amendment to the United States Constitution prohibits the admission of testimonial statements unless the declarant is unavailable to testify and the accused had a prior opportunity for cross-examination. *Stringer v. State*, 241 S.W.3d 52, 56 (Tex. Crim. App. 2007). A defendant must object to evidence when it is offered to preserve error from the admission of statements in violation of the Confrontation Clause. *See Craven v. State*, 579 S.W.3d 784, 787–88 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *see also Davis v. State*, 313 S.W.3d 317, 347 (Tex. Crim. App. 2010).

Here, the trial court admitted the medical records containing the complained-of statements during the nurse's testimony. Appellant's counsel said he had "no objection" to the admission of the medical records. Three other witnesses testified, and the State rested its case. Then, appellant moved for an instructed verdict. He argued that the absence of the complainant at trial violated the Confrontation Clause.

Appellant's complaint was not timely and did not preserve error in the admission of the statements contained in the medical records. *See Torres v. State*, 424 S.W.3d 245, 256 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (no error preserved for Confrontation Clause complaint raised for the first time in a motion for directed verdict after the State rested its case in chief); *see also Craven*, 579 S.W.3d 787–88 (no error preserved for Confrontation Clause complaint raised for the first time during closing argument); *cf. Stubblefield v. State*, 477 S.W.2d 566, 568 (Tex. Crim. App. 1972) (no error preserved when the defendant did not object to evidence when it was offered, and his complaint about an illegal search and seizure was made for the first time in a motion for directed verdict after the State rested its case).

Appellant's first issue is overruled.

## III. CONCLUSION

Having overruled both of appellant's issues, we affirm the trial court's judgment.

/s/     Ken Wise
Justice

Panel consists of Justices Wise, Bourliot, and Massengale.[1]

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[1] Former Justice Michael Massengale sitting by assignment.